### UNITED STATES v. COX.

### SAME v. RAMBO.

### Nos. 8707, 8708.

Circuit Court of Appeals, Seventh Circuit.

March 5, 1945.

C. E. Tate, of Champaign, Ill., and Aaron H. Payne, of Chicago, Ill., for appellants.

Wm. W. Hart, U. S. Atty., and Ray M. Foreman, Asst. U. S. Atty., both of Danville, Ill., and Ernest R. McHale, Asst. U. S. Atty., of East St. Louis, Ill., for appellee.

Before SPARKS and KERNER, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Defendant Cox was convicted under an indictment charging in six counts various violations of Section 1315.801 of Ration Order No. 1A issued November 6, 1942, by the Office of Price Administration (hereinafter called O. P. A.), and Section 2.8 of General Ration Order No. 8, issued March 25, 1943, effective April 15, 1943.

Defendant Rambo was convicted under a similar, but separate, indictment charging in one count a violation of Section 1315.801, Ration Order 1A, and in a second count a violation of Section 2.8, Ration Order 8.

From separate judgments entered upon separate verdicts of a jury each defendant severally appeals. All parties agree, however, that all points raised in the Rambo case are present in the Cox case and that the decision in the Cox case will control the decision in the Rambo case. Joint briefs have been filed, the cases have been

heard together in this Court and will be disposed of in one opinion.

The first count of the Cox indictment charged that defendant violated Section 1315.801 of Ration Order 1A, issued pursuant to authority of 50 U.S.C.A.Appendix 633, in that defendant did knowingly and wilfully make a transfer to one Jones of certain new automobile tires, contrary to the provisions of said ration order and without authority of the War Production Board. The second count charged a similar transfer to one Luker and the third count a similar transfer to one Hanselman; the fourth, fifth and sixth counts charged a sale of the same rationed articles to the same individuals, contrary to the provision of Ration Order 8, with knowledge on the part of the defendant that he had not acquired such articles in accordance with the regulations of the O. P. A.

Section 1315.801 of Ration Order 1A, issued November 6, 1942, prohibits the transfer of any tire without authority of the O. P. A. or the W. P. B. A later amendment gave authority to transfer used solid tires, used implement tires, used tractor tires or used tubes without certificate of authorization. Section 2.8 of General Ration Order 8, issued March 25, 1943, provides that no person shall acquire, possess, use, permit the use of, sell or otherwise transfer a rationed commodity except in accordance with the provisions of a ration order.

■ Appellant Cox asserts that the court erred in denying a motion to quash, in refusing to direct a verdict for defendant, in the admission of certain evidence, and in charging the jury. The amendment extending authority for the transfer of used solid tires, used implement tires, used tractor tires or used tubes without permission of the O. P. A. gives rise to defendant's motion to quash, as the indictment did not specifically negative the provisions of the amendment. It is the theory of this defendant that the burden is on the government negatively to plead and prove the exception. The government, on the other hand, contends that the exception affords a means of affirmative defense, which must be raised and proved by the defendant claiming the benefit of the exception; that the government having charged and proved that the defendant sold new tires in violation of the O. P. A. regulations, and sold a rationed commodity which had been improperly acquired, need not further allege or prove that the tires were neither used solid tires, used implement tires, used tractor tires or used tubes.

We think the Government's position is sound, and it finds ample support in the cases of United States v. Cook, 17 Wall. 168, 84 U.S. 168, 21 L.Ed. 538, and McKelvey v. United States, 260 U.S. 353, 43 S.Ct. 132, 67 L.Ed. 301, and numerous decisions of inferior courts. The indictment was sufficient in this respect.

■■ The Government proved the tires in question new by the testimony of the purchasers and of an expert. Defendant contends that such testimony was merely the statement of a conclusion and inadmissible. During the administration of the Prohibition Act, agents were permitted to testify that they had tasted certain liquor seized by them and that it contained more than one-half of one per cent of alcohol by volume. In those cases, objection was frequently made that the only valid test was a chemical analysis but the courts held otherwise. In Kennedy et al. v. United States, 9 Cir., 4 F.2d 488, 489, the Court said: "Evidence by way of scientific analysis is ordinarily entitled to much more credit, but chemical analysis is not the only competent evidence of alcoholic content. We believe the testimony was admissible and entitled to such weight as the jury saw fit to give it." In United States v. Sebo, 7 Cir., 101 F.2d 889, a witness was permitted to testify that a truck upon entering a driveway was not loaded and upon leaving was loaded. Having never seen inside of the truck, he based this conclusion on the way the truck moved. The witnesses in the instant case, having bought the tires and having examined them and having long been familiar with automobile tires, were entitled to testify as to newness, and that testimony uncontradicted, with the jury's own observation of the tires, some of which were in court as exhibits, was entitled to whatever weight the jury chose to give it. If the defendant had any evidence that the tires were used tractor, used implement or used solid tires, it was his privilege to bring it to the attention of the Court and jury. He did not do so, but remained silent. Under the state of the record before us there was no basis for the motion for a directed verdict and no error in its denial.

■ Appellant also asserts that the Court erred in its instructions to the jury and specifically calls our attention to an

asserted variance between the charge in the indictment and the proof. The point is made clear in the following excerpt from the trial Court's instructions: "Something has been said about the variation between the numbers of the Jones tires and the numbers mentioned in the indictment. The indictment charges that Cox sold Jones four 700 x 16 Apollo Supreme Grade 1 tires bearing serial numbers 4U803522, 4U729-555, 4U671024 and 4U1193877. The witness seemed to think the initial on those tires is V instead of U. It is wholly immaterial whether the initial is U or V if these are the tires he got from Cox, that he has testified to. You need give yourselves no concern about such a variation because it is such a variation as is immaterial arising from mere surplusage in the indictment." We approve this instruction and hold defendant's contention without merit.

Other objections are made to the Court's charge to the jury, but a careful examination of the full text of the charge impresses us with its clarity and its soundness. Other points raised are likewise without merit.

This opinion has dealt directly with the Cox appeal but is in most respects applicable to the Rambo case. Some questions appear on the Cox appeal that are not in the Rambo case, but no questions are in the Rambo appeal that are not in the Cox case.

The judgment in each case is affirmed.