UNITED STATES of America

v.

Harry Carl SCHOENEMAN

and

Garlan Euel Markham, Jr., Defendants.

Cr. No. 1051–61.

United States District Court
District of Columbia.

April 11, 1962.

James J. Laughlin, Washington, D. C., for defendant Schoeneman, for the motion.

Edwin C. Brown, Jr., and Robert J. Stubbs, Attorneys, Department of Justice, Washington, D. C., opposed.

John F. Doyle and William R. Rafferty, Washington, D. C., for defendant Markham.

HOLTZOFF, District Judge.

This is a motion by a defendant in a criminal case for the privilege of examining, inspecting and copying a transcript of the testimony that he himself gave in this matter before the grand jury.

This defendant is a Government official who is under indictment on charges of receiving improper compensation from third persons in connection with the performance of his official duties. While this matter was under investigation, he was subpoenaed and testified before the grand jury. This, of course, took place prior to the time when he was indicted. He now desires to inspect a transcript of his own testimony.

The secrecy of grand jury proceedings is an important principle that is deeply ingrained and embedded in our criminal law. It is so much a part of the warp and woof of the law that it is hardly necessary to review the authorities exhaustively. Suffice it to cite a few of the recent decisions on the point. There are two recent decisions of the Supreme Court. The first is United States v. Proctor and Gamble, 356 U.S. 677, 681, et seq., 78 S.Ct. 983, 2 L.Ed.2d 1077. There the Court referred to a long established policy that maintains the secrecy of the grand jury proceedings in the Federal courts. The Court goes on to state:

"The reasons are varied. One is to encourage all witnesses to step forward and testify freely without fear of retaliation."

Again, the Court states:

"The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow. This 'indispensible secrecy of grand jury proceedings,' * * * must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity."

The second case is Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 398, 79 S.Ct. 1237, 3 L.Ed.2d 1323, which holds that neither the case of Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, nor 18 U.S.C. § 3500—which provides that the defense in a criminal case is entitled to examine any statement that the Government had obtained from a witness whom it has called to testify and who has testified—do not apply to grand jury minutes or grand jury proceedings.

The latest case in this jurisdiction is a decision handed down by the Court of Appeals for the District of Columbia in Gordan v. United States, 299 F.2d 117, which strictly confines the right of a defendant to an inspection of the grand jury minutes to a situation where the prosecution presents only one witness in support of the indictment, whose testimony is not otherwise corroborated and where the testimony of this witness is contradicted by the defense. In that event, the Court holds, the trial judge, upon request, should examine the grand jury testimony of that single witness for possible inconsistencies. The testimony is not available to the defense unless some significant inconsistency appears to the trial judge, in which event he would make the pertinent portions of the grand jury record available to the defense.

All these cases, however, deal with a situation where the defendant desires to inspect the testimony of witnesses other than himself. It seems to the Court

that many of the reasons that require that secrecy of grand jury proceedings be maintained do not apply in a situation where the defendant wants to see a transcript of his own testimony and nothing else. It is no violation of secrecy to allow him to do so.

One might say, of course, why should the defendant have any reason for seeing his own testimony? The Court can conceive readily that if a person is questioned at length concerning many details, he might in entire good faith not be sure what he said some time previously concerning some particular detail, and an inconsistency between his testimony at the trial and what he said before the grand jury, even in a minor matter, might be inflated beyond its proper scope. There is nothing reprehensible in the desire of a defendant to see a transcript of his own testimony in order to refresh his recollection before his trial.

The Court is unable to perceive, on the other hand, how the Government can be prejudiced by such a disclosure. The Government could be prejudiced by a disclosure of testimony of other witnesses, but the Court is unable to discern how the Government could be adversely affected by a disclosure to the defendant of his own testimony.

This is a case of novel impression. Both sides agree that their research has not disclosed any case passing upon this point. It has been held, however, in the Second Circuit, in United States v. Remington, 191 F.2d 246, 250, that if a person is indicted on a charge of perjury before a grand jury, he is entitled to an inspection of the transcript of his entire testimony before the grand jury. The reason for granting the defendant's request is not as strong in the situation presented in the case at bar as in the situation that confronted the Court in the Remington case. The Court is citing the Remington case in order to indicate that courts generally are more lenient when the defendant wants to inspect a transcript of his own testimony than when he seeks to inspect the testimony of other witnesses before the grand jury.

The Court is not willing to go as far as to say that in every case in which a defendant testifies before a grand jury he should be allowed to see a transcript of his own testimony. For example, there are occasions when a defendant, at his own request, believing that he is under investigation, requests to be heard before the grand jury. It may well be argued that under such circumstances there is no reason why he should be accorded the privilege of inspecting a transcript of what he says to the grand jury.

In the rather exceptional situation, however, where a person is subpoenaed before the grand jury, gives testimony, and later on is indicted as a result of the investigation in which he testified, an entirely different problem confronts the Court. Such cases are not common because ordinarily persons whose indictment is under consideration are not brought before the grand jury by the Government and requested to testify, unless, indeed, they are formally informed of the possibility and are asked to waive immunity. This is not such a case.

In view of these considerations, the Court will grant this motion; namely, will permit the defendant or his counsel to inspect and copy a transcript of the testimony that the defendant gave before the grand jury.

I am not formulating this as a general rule. I think each case must stand on its own feet and the decision must depend on the particular facts of each case. In this instance, the Court is of the opinion that the facts warrant the relief requested.

Motion granted. You may submit an order accordingly.