UNITED STATES of America,
Plaintiff,

v.

Milton Carr FERGUSON et al.,
Defendants.

No. 722-64.

United States District Court
District of Columbia.
March 12, 1965.

Barbara Lindemann, Asst. U. S. Atty., for the Government for the motion.

Edgar H. Brenner, Washington, D. C., for the defendants, opposed.

HOLTZOFF, District Judge.

This is a motion by the Government to quash a subpoena *duces tecum* purporting to have been issued under Rule 17 of the Federal Rules of Criminal Procedure, or in the alternative, to modify the subpoena.

The subpoena before the Court is a subpoena *duces tecum* issued by the Clerk at the request of counsel for the defendant Ferguson directing the United States Attorney to produce certain documents at a date prior to the trial of the case. The case itself involves an indictment on various charges of fraud and the like. The list of documents included in the subpoena is seven and a half pages long and contains numerous items, some of them calling for specific documents and others being of a somewhat dragnet nature. No leave of Court was obtained for the issuance of this subpoena.

There has been a great deal of misunderstanding concerning Rule 17(c) of the Federal Rules of Criminal Procedure, The entire Rule 17 relates to subpoenas. Subsection (a) provides for the issuance of subpoenas by the Clerk and prescribes the form of subpoenas. Subsection (b) relates to the issuance of subpoenas at the request of an indigent defendant. Subsection (c) relates to subpoenas *duces tecum*. It contains a provision to the general effect that the Court may direct that items listed in a subpoena *duces tecum* be produced at a designated time prior to the trial or prior to the time when they are to be offered in evidence and may permit them to be inspected by the parties or counsel.

Rule 17 is not a rule for discovery. The only discovery and inspection permitted in a criminal case is that provided by Rule 16, and it is of a very limited nature. Rule 17 is, in effect, a codification or restatement of the pre-existing law relating to the forms and issuance of subpoenas. It does contain the additional provision that the Court may make a subpoena *duces tecum* returnable prior to the trial. It was not the purpose of this provision to permit some sort of discovery. The object was to prevent delays during the trial when documents are produced in response to a subpoena *duces tecum* and are offered in evidence. Opposing counsel have to inspect and read them as they are introduced, thereby consuming a great deal of time in those cases in which there is voluminous documentary evidence. The scope of the subpoena is the same

as that of a subpoena returnable on the day of trial. It is returnable in advance of trial in exceptional cases only as a matter of convenience and for the purpose of saving time of the Court at the trial.

The Court realizes that at times this rule has been used for purposes of additional discovery and some courts have acquiesced in this course. This was not the intention of the framers of the Rule. In order to prevent the Rule from being improvidently used the return day of the subpoena may be designated in advance of the trial date, only if the Court so directs or permits. This limitation is no mere technicality. It is a vital protection against misuse or improvident use of such subpoenas *duces tecum.*

If this were a case in which only a few items were demanded, perhaps the Court would not enforce the requirement to which reference has just been made. The subpoena in this instance. however, shows the necessity for obtaining leave of Court to make it returnable in advance of the trial. The burden should not be shifted to the Government to move to vacate the subpoena. The Court has an interest in preserving the proper procedure prescribed by the Rules of Criminal Procedure, irrespective of the desires of the parties.

In view of the circumstances, the Court reaches the conclusion that this subpoena was irregularly issued because no direction was obtained from the Court that the records listed in the subpoena should be produced at a time prior to the trial. An application for such a direction may be made on motion. The Government should have an opportunity either to consent or to contest it.

In view of these considerations the subpoena *duces tecum* is vacated and quashed, without prejudice to the defendant proceeding in accordance with the provisions of Rule 17(c).