**UNITED STATES of America, Plaintiff,**
v.
**Robert Hutton BALL, Defendant.**

**UNITED STATES of America, Plaintiff,**
v.
**Gary George ARNDT, Defendant.**

**UNITED STATES of America, Plaintiff,**
v.
**Ernest Eldon THEEL, Defendant.**
**Nos. 69–CR–11, 69–CR–39, 69–CR–68.**

United States District Court,
E. D. Wisconsin.

Sept. 30, 1969.

David J. Cannon, U. S. Atty., by Richard E. Reilly and Terry E. Mitchell, for the United States.

Hayes & Peck, by Harry Peck, Jr., Milwaukee, Wis., for defendants Ball, Arndt and Theel.

## OPINION

MYRON L. GORDON, District Judge.

These three actions are criminal prosecutions brought pursuant to 50 App. U.S.C. § 462, for the defendants' alleged willful refusal to submit for induction into military service. Each of the defendants has moved for an order requiring responses to a bill of particulars pursuant to rule 7(f), Federal Rules of Criminal Procedure, and for discovery of various documents pursuant to rules 16 and 17, Federal Rules of Criminal Procedure. Since the motions in each of the three cases involve substantially the same issues, they will be dealt with together in this one opinion.

The government has indicated its willingness to supply much of the information which the defendants have requested, but it refuses to supply the rest. The question is whether the prosecution should be ordered to supply the remaining information.

■ To the extent that the defendants look to rule 17 to support their motions for discovery, their reliance is misplaced. Rule 17(c) permits compelling production of documents by subpoena to facilitate trials, but it is not to be used as a discovery device. Bowman Dairy Co. v. United States, 341 U.S. 214, 220, 71 S.Ct. 675, 95 L.Ed. 879 (1951); United States v. Ferguson, 37 F.R.D. 6, 7–8 (D.D.C.1965); 1 Wright, Federal Practice and Procedure § 274, pp. 548–555.

■ Since the defendants allege no more than that the documents sought in their motions are material to the preparation of their defenses and that granting discovery of these documents is reasonable, they do not allege good cause for granting a subpoena for production before trial under rule 17(c). United States v. Ferguson, supra; United States v. Garrison, 168 F.Supp. 622, 625 (E.D.Wis.1958); United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y.1952).

## I. THE "ORDER OF CALL"

In all three cases the defendants have requested the government to furnish them with information indicating whether their local draft board followed the proper "order of call" pursuant to 32 C. F.R. § 1631.7 prior to ordering them to report for induction.

The documents in dispute are Selective Service Forms 112 and 112a, which indicate the date the induction orders were issued. At first, the government took the position that these documents were publicly available at defendants' draft boards, which fact the defendants denied; later, the government offered to make these documents available to Mr. Ball and Mr. Theel. At an August 19, 1969 pretrial conference, the government indicated that it was reconsidering its position regarding discovery in Mr. Arndt's case, but there is no indication

in the record of his case that the government has finally determined to make the requested documents available.

I believe that the records necessary to prove compliance with 32 C.F.R. § 1631.7 are material to the preparation of Mr. Arndt's defense. Three recent court decisions have established that a person may not be convicted of failure to report for induction into the armed forces when irregularly ordered to report in violation of 32 C.F.R. § 1631.7. Yates v. United States, 404 F.2d 462, 465–466 (1st Cir. 1968); United States v. Sandbank, 403 F.2d 38, 40 (2d Cir. 1968); United States v. Lybrand, 279 F.Supp. 74, 81–83 (E.D.N.Y.1967).

*Yates* permits the court to presume compliance with 32 C.F.R. § 1631.7; but if the matter is called into issue by the defendant, it then requires the government to prove compliance. This approach, coupled with pre-trial discovery of the order of call records pertaining to Mr. Arndt, will provide an efficient method of raising and disposing of the issue whether the defendant's local board complied with the requirements of 32 C.F.R. § 1631.7 in ordering defendant to report for induction.

■ Since the requested documents are material and defendants' request for their production is reasonable, the government must permit the defendant to inspect and copy all records in its possession which are not publicly available and which relate to compliance with 32 C.F.R. § 1631.7. United States v. Hrubik, 280 F.Supp. 481 (D.Alaska 1968); United States v. Crisona, 271 F.Supp. 150, 158 (S.D.N.Y.1967).

■ The government need not supply a defendant with documents to which he has equal access or to describe their contents in a bill of particulars. As to such records, Mr. Arndt's motion for discovery under rule 16(b) should not be granted. United States v. Smith, 399 F.2d 896, 897 (6th Cir. 1968); United States v. Love, 42 F.R.D. 661, 662 (D.

N.H.1967). His motion for a bill of particulars as to such records should not be allowed. United States v. Ansani, 240 F.2d 216, 223 (7th Cir. 1957); United States v. Skidmore, 123 F.2d 604, 607 (7th Cir. 1941); United States v. Broadson, 132 F.Supp. 729, 731 (E.D. Wis. 1955).

## II. THE BOARD CLERK'S AUTHORITY

In their motions, the three defendants have requested the government to furnish them with information indicating whether or not the clerks of the defendants' local draft boards were authorized by the boards to issue defendants' induction notices as required by 32 C.F.R. § 1632.1, which provides in part:

> "Immediately upon determining which men are to report for induction, the local board shall prepare for each man an Order to Report for Induction (SSS Form No. 252) in duplicate. * * * The local board shall mail the original of the Order to Report for Induction (SSS Form No. 252) to the registrant. * * *"

The government contends that this information is contained in defendants' selective service files, copies of which have been given each defendant. The defendants contend that the files do not indicate the requested fact.

The issue of the clerk's authorization has received judicial attention in a number of cases. Brede v. United States, 396 F.2d 155, 157, modified on rehearing 400 F.2d 599 (9th Cir. 1968); Davis v. United States, 402 F.2d 513, 514 (5th Cir. 1968); United States v. Isenring, (E.D.Wis. March 6, 1969), aff'd 419 F. 2d 975 (7th Cir. 1969); United States v. Mendoza, 295 F.Supp. 673, 677–679 (E.D. N.Y.1969); Cupit v. United States, 292 F.Supp. 146 (W.D.Wis.1968); United States v. Marc Anthony Lewis, 302 F. Supp. 510 (E.D.Wis.1969).

■ Without implying that a local board must expressly authorize the clerk

to issue the notice of induction, I conclude that the government should respond to a demand for a bill of particulars by stating whether authorization, express or implied, was given to the board clerk.

## III. THE DEFENDANTS' CLASSIFICATIONS

The defendants have moved for bills of particulars detailing what basis the defendants' local draft boards may have had for classifying them I–A. The government has offered to furnish each defendant any information available in the defendants' selective service files which might indicate the local boards' reasons for so classifying them. However, it refuses to assert the "reasons" if such information is not otherwise shown in the files or in the local boards' minutes.

In my opinion, draft boards are not required by law to state the grounds or basis for their decisions. United States v. Marc Anthony Lewis, supra; Ayers v. United States, 240 F.2d 802 (9th Cir. 1956), cert. den. 352 U.S. 1016, 77 S.Ct. 563, 1 L.Ed.2d 548 (1957). Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953) does not require a contrary conclusion. I believe it would be consistent with Dickinson to expect the government to offer, in rebuttal, some basis for its classification if, at the trial, the defendants were to make a prima facie showing of entitlement to a statutory exemption. United States v. Ransom, 223 F.2d 15, 17 (7th Cir. 1955); United States v. Scott, 137 F.Supp. 449, 454 (E.D.Wis. 1956).

## IV. MINUTES OF THE GRAND JURY

Each defendant has moved for production of the minutes of the grand jury which indicted him. The government declines to produce them, contending that there has been no showing of a particularized need. The controlling provision is rule 6(e), Federal Rules of Criminal Procedure. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 398–399, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1958); Dennis v. United States, 384 U.S. 855, 869–870, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1965).

There is some authority for the proposition that a trial court can order disclosure of grand jury minutes without a showing of particularized need. In United States v. Youngblood, 379 F.2d 365, 369 (2d Cir. 1967), the court observed:

"These cases merely indicate a minimum standard to which the courts must adhere, and do not limit the court's power to order disclosure in additional situations where a showing of particularized need has not been made."

However, in the same case, the court refused to state a broad rule permitting pre-trial discovery of grand jury minutes (p. 369):

"Although these references support the idea of general discovery in criminal proceedings we shall limit our consideration to the precise problem before us of whether grand jury minutes should be made available to a defendant for impeachment purposes after a witness has testified against him at his trial, disclosure being limited to that portion of the witness' grand jury testimony which was the subject of direct examination at the trial."

There is nothing in the most recent supreme court decision on this issue, Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1965), which indicates that a trial court may grant pre-trial discovery without a showing of particularized need. In National Dairy Products Corporation v. United States, 384 F.2d 457, 461 (8th Cir. 1967), the court observed: "We believe a showing of 'particularized need' under the Dennis standards is still required."

This court has neither found nor been cited to any case which has ordered pretrial production of the grand jury minutes in the absence of a showing of particularized need. See United States v. Lewis, 406 F.2d 486, 492 (7th Cir. 1969); United States v. Napue, 401 F.2d 107, 112 (7th Cir. 1968); United States v. Amabile, 395 F.2d 47, 53 (7th Cir. 1968).

While all three defendants are represented here by the same counsel, Mr. Theel has filed no brief supporting his motions. Briefs filed for Mr. Ball and Mr. Arndt set forth three grounds of "particularized need" for the pretrial production of the grand jury minutes, each of which grounds will now be examined.

First, they contend that they need the minutes to "determine the basis and/or grounds for the defendant's indictment". If by this, the defendants mean they wish further clarification of the charge or of the transaction out of which it arises, their need should be satisfied by their motions for bills of particulars.

> "[T]he function of a bill of particulars is [to apprise] the defendant of the charges or claims against him so that he can prepare his defense, avoid surprise at trial, and protect himself against the possibility of a second prosecution for the same offense."

United States v. Louis Carreau, Inc., 42 F.R.D. 408, 411 (S.D.N.Y.1967).

A defendant is not entitled to production of grand jury minutes merely in order to "forestall" surprise at trial. United States v. Jaskiewicz, 272 F.Supp. 214, 216 (E.D.Pa.1967). Thus, I must reject their first ground for production.

Secondly, they contend that they need to obtain the grand jury minutes because

> "[I]t is clear that the defendant is entitled to inspect and have available for his use all evidence in the possession of the prosecution which is favorable to him, whether it is relevant to guilt or punishment, so long as it is material where the defense might make effective use of it at a trial or in obtaining further evidence."

It is true that the government has an obligation to supply evidence to defendants not otherwise known by them which is material to disproving their guilt, reducing their punishment, or impeaching witnesses against them. Giles v. Maryland, 386 U.S. 66, 74, 87 S.Ct. 793, 17 L.Ed.2d 737 (1966); Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962). However, I believe that the court may properly assume that if the government has such information, it will furnish it to the defendants in sufficient time to be of use to them at their trials. United States v. McCarthy, 292 F.Supp. 937, 940 (S.D.N.Y.1968); United States v. Curry, 278 F.Supp. 508, 513 (N.D.Ill.1967).

In United States v. Cobb, 271 F.Supp. 159, 164 (S.D.N.Y.1967), the court said:

> "In the view of the practical difficulties, the decision as to whether the Government possesses any such evidence must be left to its good conscience, subject to the sanction that if it delays disclosure until trial, it may risk the granting of a motion for a mistrial."

Cf. United States v. Leighton, 265 F.Supp. 27, 35 (S.D.N.Y.1967). Contra, Williams v. Dutton, 400 F.2d 797, 800–801 (5th Cir. 1968); United States v. Gleason, 265 F.Supp. 880, 885 (S.D.N.Y.1967). The latter case required *in camera* examination of the government's file relating to the defendant.

The defendants are not entitled to the production of the grand jury minutes solely for the reason that the government had had the use of them in preparing its cases. Dennis v. United States, 384 U.S. 855, 869, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1965). Similarly, the defendants may not have the minutes before trial even though "all the information recorded in the grand jury proceed-

ings constitutes a huge storehouse of relevant data which has been in the exclusive possession of the government for many years". United States v. Aeroquip Corporation, 41 F.R.D. 441, 446 (E.D. Mich.1966). Thus, their second ground for production must also be rejected.

■ Finally, defendants contend that an examination of the grand jury minutes is essential to establish the possibility of an inconsistency between a witness' grand jury and trial testimony. Since no trial has yet taken place, this contention is premature. Hanger v. United States, 398 F.2d 91, 97 (8th Cir. 1968); United States v. Burgio, 279 F. Supp. 843, 847 (S.D.N.Y.1968); United States v. Baker, 262 F.Supp. 657, 671 (D.D.C.1966).

For failure to support their claim of "particularized need", defendants' motions for the production of the minutes of the grand juries which indicted them should be denied. United States v. Battaglia, 394 F.2d 304, 315 (7th Cir. 1968).

This does not preclude the defendants from later seeking the right to use the grand jury minutes at the time of trial. In United States v. Amabile, 395 F.2d 47, 53 (7th Cir. 1968), the court stated that a defendant shall have

" * * * access as of right to a witness' grand jury testimony on the subjects about which he testified at the trial, unless the Government can show that access should be denied."

Accord, United States v. Youngblood, 379 F.2d 365, 370 (2d Cir. 1967).

At the time of trial particularized need may exist to use grand jury testimony "to impeach a witness, to refresh his recollection, to test his credibility and the like." United States v. Proctor & Gamble, 356 U.S. 677, 683, 78 S.Ct. 983, 987, 2 L.Ed.2d 1077 (1957). Accordingly, this denial of defendants' mo-

tions for production and inspection of grand jury minutes is without prejudice to renewal at the time of their trials. United States v. Zirpolo, 288 F.Supp. 993, 1019 (D.N.J.1968); United States v. DiSalvo, 251 F.Supp. 740, 746 (S.D. N.Y.1966).

## VI. INFORMATION OBTAINED BY WIRETAP OR BY SEARCH AND SEIZURE

The defendants have requested production of any information gained by the government in this case by wire tap or by search and seizure so that they may determine to what extent illegally obtained evidence may have contributed to the prosecution's case.

■ The government denies that it obtained any information by either method. The defendants have advanced no reason for disbelieving the government's representation. Under such circumstances, the defendants' motions for discovery of evidence seized by illegal wiretap should be denied and no investigation of the government's eavesdropping records should be ordered. United States v. Kelley, 395 F.2d 727, 730 (2d Cir. 1968); United States v. McCarthy, 292 F.Supp. 937, 943 (S.D.N.Y.1968). To hold otherwise would require an investigation of government eavesdropping records in every criminal case "even when there is not the slightest reason to suspect offensive conduct by the Government". This is not required under Alderman v. United States, 394 U.S. 165, 182, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); United States v. Franzese, 392 F.2d 954, 965 (2d Cir. 1968).

Defendants' counsel is requested to prepare an order consistent with this opinion and to submit it to the court for signature, after first exhibiting it to the government's counsel.