**UNITED STATES of America,
Plaintiff,**

v.

**Glenn D. YATES and Buster W.
Morrison, Defendants.**

**Crim. A. No. 4954.**

United States District Court,
W. D. Kentucky,
Paducah Division.

June 13, 1973.

George J. Long, Louisville, Ky., for plaintiff.

Ernest W. Rivers, Paducah, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

ALLEN, District Judge.

This action is submitted to the Court on the motion of the defendants, Glenn D. Yates and Buster W. Morrison, to allow the defendants to subpoena 23 witnesses who were interviewed under subpoena issued by the United States and, further, that the United States pay all fees in connection with the issuance and service of said subpoenas. The defendants also move the Court to permit them to examine the 23 witnesses under oath, subject to subpoena, and in lieu thereof, to order the United States to furnish them any statements made by the witnesses, or any resume of those interviews which have been reduced to writing by the United States or any of its agents, and to produce for inspection all documents obtained by the United States as the result of compliance with these subpoenas.

It appears from the record in this action that the United States District Court, at the request of the United States, issued 5 subpoenas duces tecum and 18 subpoenas requiring the persons summoned to appear for the United States Attorney at the places specified in the subpoena and to bring with them the documents specified.

Rule 17(a), Federal Rules of Criminal Procedure, specifies as follows:

"*For Attendance of Witnesses; Form; Issuance.* A subpoena shall be issued by the clerk under the seal of the court. It shall state the name of the court and the title, if any, of the proceeding, and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein. The clerk shall issue a subpoena, signed and sealed but otherwise in blank to a party requesting it, who shall fill in the blanks before it is served. A subpoena shall be issued by a commissioner in a proceeding before him, but it need not be under the seal of the court."

This portion of Rule 17 has been construed as providing only for the compulsion of testimony at trial rather than prior to trial. In United States v. Ferguson, 37 F.R.D. 6 (D.C.D.Colo.1965) it is stated that this rule is not a rule for discovery and is, in effect, a codification or restatement of pre-existing law relating to forms and issuance of subpoenas.

The Advisory Committee and Historical Notes states only that Rule 17(a) is substantially the same as Rule 45(a) of the Federal Rules of Civil Procedure. Rule 45(a) does not, by its terms, state whether it is directed to attendance of witnesses at trial or depositions, these provisions being set out in Rule 45(d) and 45(e).

United States v. Standard Oil Company, 316 F.2d 884 (7th Cir. 1963) involved a situation where the government was issuing subpoenas to compel witnesses, many of them employees of defendant, to come, not to the courtroom, but to the United States Attorney's office at hours when the court was not in session. Having been summoned by court process, these witnesses were privately interrogated by government counsel. One of the witnesses asked to have present counsel for the defendant, and that right

was denied to him by government counsel.

The Seventh Circuit stated that it interpreted the words of Rule 17(a) to mean to give testimony at the trial, and that the rule did not authorize the government or the defense to subpoena a witness and require him to report to some place other than where the trial was to be held. The court then went on to say that the witness was entitled to have the attorney whom he designated accompany him, but that the refusal to allow the attorney to accompany the witness did not constitute error as it was the witness and not the defendant who was deprived of the privilege.

The Court finds no express directive in any cases cited by either party as to what remedial steps, if any, should be taken, assuming that the government acted improperly in having the Rule 17(a) subpoenas issued. It appears, however, that the protection to the defendants' rights is their having the privilege, under 18 U.S.C. § 3500, the Jencks Act, to inspect any statements given by witnesses to the government attorneys. See United States v. Wilkerson, 456 F.2d 57 (6th Cir. 1972). It has, of course, been pointed out that any party to a criminal proceeding in federal court has the right to interview any prospective witnesses, provided that the witnesses are willing to appear in the office of the attorney for the party who wishes to interview them, and provided further that the interview is free from coercion or threats. See United States v. Standard Oil Company, supra.

■■ Insofar as defendants' motion to have the government produce any statements made to it pursuant to the subpoenas, said motion is without merit, since Rule 16, Federal Rules of Criminal Procedure, which provides for discovery and inspection in criminal actions, does not provide for discovery of statements made by prospective witnesses other than the defendant. The defendants will have the right to inspect these statements following the direct examination of the witnesses. See United States v. Wilkerson, supra.

With respect to Rule 17(c), subpoena duces tecum, the controlling case is Bowman Dairy Company v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951). In that case, it was held that the defendants were entitled to an order from the district court directing the government to produce for inspection certain documents, books, papers and objects. In cases decided since *Bowman*, the courts have indicated that Rule 17(c) may be used prior to trial, and that it is available to both the United States and the defendants. The rule, however, is conditioned upon a showing of good cause. See United States v. Smith, 209 F.Supp. 907 (D.C.E.D.Ill. 1962) and United States v. Duncan, 22 F.R.D. 295 (D.C.S.D.N.Y.1958). See also Footnote 5 on page 220, on page 678 of 71 S.Ct., of *Bowman*.

■ Under Rule 16(b) defendants are entitled to inspect and to copy or photograph books, papers, documents, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, upon the showing of materiality and that the request is reasonable.

In the instant action, defendants have moved in a catch-all phrase "for all documents" rather than specifying the documents needed and their materiality to the defense of the action; however, since the subpoenas duces tecum specify particular records, snd since it may be safely assumed that the United States has copied from those records data pertinent to the trial of this action, the Court, acting from an excess of caution to protect the defendants' rights, will require the United States to produce for inspection and copying any copies or originals it may have of the following documents:

a. Sales of 40 percent Standard Gelatin Dynamite since February, 1970 sold

by the American Cynamide Explosive Company, Madisonville, Kentucky.

b. Any copies or originals of documents showing sales of American Cynamide 1¼″ x 48″, 40 percent Standard Gelatin Dynamite since February, 1970 and sales transactions of said dynamite to the River Sand and Stone Company, Rosiclare, Illinois.

c. Any copies or originals of records showing telephone calls made or charged to 442–3369 during February, March and April, 1972.

d. Any copies or originals of any records maintained by the 149th Engineer Company, National Guard, Paducah, Kentucky, indicating the length of service of Glenn D. Yates, and the training received by said Company in the use of explosives.

e. Any copies or originals maintained by American Cynamide Explosives Company showing sales of 1¼″ x 48″, 40 percent Standard Gelatin Dynamite since February, 1970.

Since the trial of this action will commence on the 18th of June, 1973, at Paducah, Kentucky, and since the United States Attorney's Office does not have an attorney located in the Paducah offices at this date,

It is ordered that the above documents be produced for inspection and copying at the United States Courthouse in Paducah at 8:30 a.m. on the morning of June 18, 1973, or in the event that defense counsel should indicate by Western Union addressed to this Court and to the United States Attorney's Office, his desire to see them in Louisville, Kentucky, prior to the date of trial, they shall be made available there. This ruling is conditioned upon a liberal interpretation of Bowman Dairy Company v. United States, supra.

■ The Court has no authority to grant the defendants' motion to subpoena the witnesses who have been improperly subpoenaed by the United States. There is no showing in the record that

defendants are unable to pay for subpoenas directed to the aforesaid witnesses, and the only authority vested in the Court to have subpoenas issued at the government's expense on behalf of defendants is found in Rule 17(b), Federal Rules of Criminal Procedure, which deals with defendants who are unable to pay.

Except for the portion of this opinion and order which directs the United States to produce for inspection and copying, all of defendants' motions are overruled, and

It is so ordered.