**UNITED STATES of America,
Plaintiff,**

v.

**William Lee BRINGER, Defendant.**

**No. 74–CR–194.**

United States District Court,
E. D. Wisconsin.

Milwaukee Division.

March 13, 1975.

Donald A. Schoenfeld, Lichtsinn, Dede, Haensel & Von Bereghy, S. C. Milwaukee, Wis., for plaintiff.

John A. Nelson, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## MEMORANDUM and ORDER

WARREN, District Judge.

On October 23, 1974, the grand jury returned an indictment against the above named defendant; it is charged that he made a false statement concerning his prior criminal record in connection with the acquisition of a firearm from a licensed firearm dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a).

On February 18, 1975, counsel for the defendant filed a motion requesting an order to compel the production of various documents, or in the alternative, an order dismissing the indictment. By response dated March 5, 1975, the Government has noted its objections to these requests.

For the reasons articulated in the following memorandum opinion, the Court finds that the defendant's requests are without merit; the relief that he seeks is to be denied.

### I.

Counsel for the defendant has requested an order to require the Government to produce the names of any unauthorized persons "present in the grand jury room while a witness was also present in that room".

The Government has responded by stating that besides the testifying wit-

ness, the attorney for the Government, and the individual members of the grand jury, no one else was present during the grand jury proceedings in this matter.

The Court deems this response to be adequate; a sworn affidavit, although offered by the Assistant United States Attorney, will not be required.

## II.

■ Counsel for the defendant has requested an order dismissing the indictment in this case on the ground that there is a fatal variance between the wording of the indictment and the proof. It is urged that because the indictment makes reference to a firearm with a serial number "9640" while the serial number of the firearm at issue here is actually "009640", the prosecution may not proceed.

The Government argues that the deletion of the two zeros is not to be considered a variance between the indictment and the proof; in the alternative, it is urged that even if such a deletion does constitute a variance, it is not a material variance. In either case, the Government maintains that a dismissal of the indictment is not warranted.

The Court finds that even when construed most liberally in favor of the defendant, this motion is without merit. If the Court were to assume that deleting the two zeros was in fact a variance or defect in the indictment, resolution of the motion to dismiss that is based thereon would be governed by rule 52(a) of the Federal Rules of Criminal Procedure. That rule dictates that a harmless error or variance—one which does not affect the substantial rights of the accused—is to be disregarded.

The record does not demonstrate and the Court cannot conceive how the slight numerical error about which the defendant complains could have worked any prejudice upon him; it seems clear that the substantial rights of the accused remain unaffected.

■ The Court finds that where as here the variance between the indictment and the proof is clerical in nature, the defect is not fatal to the prosecution. *See e. g.,* United States v. Cox, 147 F.2d 587 (7th Cir., 1945); Johnson v. United States, 195 F.2d 673 (8th Cir., 1952); United States v. Wenner, 417 F.2d 979 (8th Cir., 1969) [cases cited at p. 982], cert. denied, 396 U.S. 1047, 90 S.Ct. 700, 24 L.Ed.2d 692 (1970); Theriault v. United States, 434 F.2d 212 (5th Cir., 1970), cert. denied, 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971). It is well settled that a variance is not fatal so long as the defendant is definitely informed of the charge so as to enable him to prepare a defense, and so long as the defendant is protected against double jeopardy. See, Heisler v. United States, 394 F.2d 692 (9th Cir., 1968), citing Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

Because the Court finds that upon examination of the entire record substantial prejudice does not appear, the error is to be considered harmless.

## III.

The third of the demands made by the defendant relates to the minutes of the grand jury proceeding wherein his indictment was returned.

In accordance with United States v. Cullen, 305 F.Supp. 695 (E.D.Wis., 1969), the Government has offered to turn over the text of the minutes of that proceeding at a point 24 hours prior to trial; despite this offer, the defendant requests that they be disclosed immediately.

In opposition to the defendant's demand for the grand jury testimony, the Government argues that this defendant has not demonstrated the "particularized need" required by United States v. Ball, 49 F.R.D. 153 (E.D.Wis., 1969); absent this showing it is urged that no disclosure is warranted.

The defendant argues that disclosure is appropriate at this point in time

because this case presents a situation where such disclosure may be had and because "there are valid objections that can be made against the indictment that was handed down under improper circumstances." Unfortunately, counsel for the defendant does little to expound upon these rather conclusory allegations; the Court must find them to be without merit.

The brief in support of this motion goes to great lengths to detail five specific reasons which have been said to support secrecy of grand jury testimony; it is argued that because none of them is applicable under the facts of this case, disclosure should now be permitted.

Initially, the Court would note that the case wherein those five criteria were set out, United States v. Badger Paper Mills, 243 F.Supp. 443 (E.D.Wis., 1965), dealt with facts very different from those of the case at bar; this is not a situation where the criminal proceedings to which the grand jury minutes relate have been concluded.

 Furthermore, and most importantly, to establish that there is no need to maintain the secrecy of grand jury testimony is not to establish that "particularized need" exists. *Cullen* and *Ball,* supra, clearly require that this be done; absent such a showing, the Court must conclude that no disclosure is to be allowed.

 Counsel for the defendant argues that the possibility that hearsay evidence was presented to the grand jury justifies disclosure in this case; he recognizes the general rule that an indictment may be based solely upon hearsay testimony, Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), but he maintains that there are certain circumstances where hearsay may be presented in a fashion so prejudicial in nature that dismissal of the indictment is required. *See, e. g.,* United States v. Estepa, 471 F.2d 1132 (2d Cir., 1972). The substance of this argument is that because these

rather extreme circumstances may be present here, immediate disclosure of the testimony before the grand jury is necessary.

While it is true that this circuit has recognized that this limitation upon the use of hearsay evidence at grand jury proceedings may be appropriate, counsel for the defendant has cited no case where this circuit has actually implemented such a limitation. United States v. Annerino, 495 F.2d 1159 (7th Cir., 1974), upon which great reliance is placed, holds only that the indictment is to stand where there is no evidence that the grand jurors may have been misled into thinking that a witness was testifying from personal knowledge, and where there is no showing of a high probability that with eyewitness rather than hearsay testimony the grand jury would not have indicted; the reverse inference may or may not be warranted, but this need not be decided now.

The Court is of the opinion that the defendant in this case has made no showing that revelation of the grand jury testimony would establish that the abuses described in *Estepa* and *Annerino* are present here. If the Court were to accept the proposition that the mere possibility of such problems justifies immediate disclosure of grand jury testimony, the secrecy to be accorded the deliberation of the grand jury could be breached upon a simple allegation that hearsay abuses of this nature might possibly have occurred. The defendant's argument is too broad; the Court is unwilling to effect such a drastic result at this time.

The Court is cognizant of the fact that rule 6(e), Federal Rules of Criminal Procedure, provides that disclosure of matters occurring before the grand jury is a question addressed to the sound discretion of the trial court; it is clear however, that a specific showing of "particularized need" is necessary to obtain disclosure of grand jury testimony under the standards imposed in this circuit. *See,* United States v. Ball, supra. The Court finds that such a

showing has not been made by the pleadings and briefs that have been submitted in this case.

The Government has agreed to turn over the grand jury testimony 24 hours prior to trial; the defendant will be free to raise whatever objections he may be able to substantiate at that point in time. The Court concludes that this is sufficient.

### IV.

For the reasons set forth in the foregoing memorandum opinion, the motion for dismissal of the indictment and the motion for disclosure of grand jury testimony are hereby denied. The Court finds that the defendant's inquiries as to unauthorized persons present during the grand jury proceedings have been adequately answered.