**UNITED STATES of America, Plaintiff,**

v.

**Richard M. KAGEYAMA, Defendant.**

**Crim. No. 12098.**

United States District Court
D. Hawaii.

March 28, 1966.

Herman T. F. Lum, U. S. Dist. Atty., by Peter A. Donahoe, Asst. Dist. Atty., Honolulu, Hawaii, for plaintiff.

Robertson, Castle & Anthony, Honolulu, Hawaii, by Arthur B. Reinwald, Honolulu, Hawaii, of counsel, for defendant.

TAVARES, District Judge.

Defendant has been charged with wilfully understating the amount of his taxable income for the calendar years 1959 and 1960. He now moves for a bill of particulars and for discovery. The Information sets forth, as to each of the years in question, the amount of taxable income reported by the defendant, and the amount of tax liability reported by him; it also sets forth the amount of taxable income alleged by the government to have been received by the defendant during those years, and the amount of tax liability alleged by the government to be correct for those years.

Defendant's Motion for Discovery and Inspection refers to three items:

"1. The federal income tax return filed by defendant for 1959 and 1960.

[These have already been furnished to him, and copies of them have been supplied to the Court.]

"2. Every written statement made or signed by defendant relating to his income taxes for 1959 and 1960 in the possession of the United States Attorney or the Internal Revenue Service.

"3. Every recording or transcription and minutes and notes of conversations between defendant and representatives of the Internal Revenue Service or of statements made by defendent to such representatives."

Defendant's Motion for Discovery and Inspection of the items described in paragraphs 2 and 3 above is hereby granted.

■ Defendant's Motion for a Bill of Particulars is as follows:

"1. Identify every entry on the income tax returns filed by defendant for 1959 and 1960, as described in the information, of which it will seek to prove falsity on trial.

"2. Identify every omission from said income tax returns filed by defendant for 1959 and 1960 which it seeks to prove on trial.

"3. In identifying the foregoing the bill of particulars should set forth the date of each transaction, amount, and the names of all other parties to each transaction for which it will seek to prove either a false entry or omission."

Counsel for both parties have submitted authorities regarding the granting of a bill of particulars in a federal tax case. However, there is no real dispute regarding the applicable law. Both parties agree that the Court has a measure of discretion in this regard, and that in any event the defendant is not entitled to a detailed review of the prosecution's evidence, in advance of trial.

Defendant's Motion for a Bill of Particulars does, in effect, require the government to provide the defendant with a detailed review of its evidence before trial. In fact, the affidavit of defendant's counsel in support of his motions, closes with the following statements, which indicate that it is just such a detailed review of the government's evidence that is sought:

"* * * that deponent is uncertain as to which entries or omissions the United States Attorney seeks to prove in this case and needs to know the details thereof in order to adequately prepare a defense in this case, and that the interests of justice in this case require a full disclosure of such details in order to permit presentation of all facts relevant thereto."

The Court has examined copies of the defendant's tax returns for the years in question, and finds that they are quite simple, and contain relatively few entries. If the returns were complex, the defendant might fairly ask the government to indicate the portions to be attacked; but here the returns are simple, and the defendant knows the amounts by which the government claims that he understated his taxable income and the amounts by which the government claims that he understated the tax due thereon.

Accordingly the defendant's Motion for a Bill of Particulars is hereby denied.