**UNITED STATES of America**

v.

**Francis H. LOVE.**

**Crim. A. No. 6774.**

United States District Court
D. New Hampshire.

Jan. 25, 1967.

Louis M. Janelle, U. S. Atty., Concord, N. H., for plaintiff.

Smith, Welts, Robertson & McGinnis, Robert F. McGinnis, Nashua, N. H., for defendant.

CONNOR, District Judge.

### ORDER ON DEFENDANT'S MOTION FOR DISCOVERY AND INSPECTION

Defendant has moved, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for an order directing the attorney for the government to permit the defendant and his attorney to inspect and copy or photograph the following:

(1) All books, all papers, all documents, and all tangible objects relating to the within cause and in possession of the government, which items:

  (a) were obtained from the defendant;

  (b) belonged to the defendant and were obtained from others than the defendant;

  (c) were obtained from others by service of process.

(2) And all statements of the defendant relating to the within cause.

At the hearing on this motion, the attorney for the government stated that any records or papers taken from the defendant are available for his inspection. Concerning papers or records belonging to the defendant which were obtained from third parties, the attorney for the government stated that there were none. Papers or records obtained by the government from others by service of process may be obtained by the defendant in a similar manner. Therefore, with reference to the above-enumerated paragraphs, the Court grants the defendant's motion with respect to paragraph 1, subsection (a), but denies the defendant's motion with respect to paragraph 1, subsections (b) and (c).

Concerning paragraph 2 above, Rule 16 " * * * has been revised to expand the scope of pretrial discovery." Notes of Advisory Committee on Rules. Rule 16(a) provides, in part:

Upon motion of a defendant the court may order the attorney for the government to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government * * *.

In United States v. Kageyama, 252 F. Supp. 284 (D.C.Hawaii 1966), the defendant moved for discovery of the following:

"2. Every written statement made or signed by defendant relating to his income taxes for 1959 and 1960 in the possession of the United States Attorney or the Internal Revenue Service.

"3. Every recording or transcription and minutes and notes of conversations between defendant and representatives of the Internal Revenue Service or of statements made by defendant to such representatives." Id. at 285.

The Court granted the motion in the *Kageyama* case. This Court is of the opinion that Rule 16(a) permits this broad discovery by the defendant of statements made by him to any government representative.

Therefore, with reference to the above-enumerated paragraphs, paragraph 2 of the defendant's motion is granted and the government is hereby ordered to permit the defendant to inspect and copy or photograph papers or documents recording any statements made by the defendant which are within the possession, custody or control of the government and which are relevant to the instant cause.