Leo C. BURKE, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. A. No. 65-675(a)-C.

United States District Court
D. Massachusetts.

Nov. 30, 1965.

Leo C. Burke, pro se.

William J. Koen, Asst. U. S. Atty., Boston, Mass., Stanislaw R. J. Suchecki, Asst. U. S. Atty., Dorchester, Mass., for defendant.

CAFFREY, District Judge.

Petitioner has filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. He was convicted by a jury of armed robbery of a mail truck, in violation of 18 U.S.C. § 2114, and conspiracy to rob the mails, in violation of 18 U.S.C. § 371. The Court of Appeals affirmed his conviction, 328 F.2d 399 (1964), and the Supreme Court denied certiorari, 379 U.S. 849 (1964), rehearing denied 380 U.S. 927 (1965). He is presently serving a sentence of 25 years on the mail robbery conviction and a concurrent sentence of five years on the conspiracy conviction at the Massachusetts Correctional Institution at Walpole, Massachusetts, concurrently with a sentence imposed by the Massachusetts Superior Court. As grounds for his motion, petitioner alleges:

(1) that in violation of the Fifth Amendment and Rule 5(a) of the Federal Rules of Criminal Procedure he was not arraigned without unnecessary delay;

(2) that in violation of the Fifth and Sixth Amendments he was denied his right to counsel;

(3) that in violation of the Fifth Amendment he was denied his right to be present at every stage of his trial; and

(4) that in violation of the Fifth Amendment and 18 U.S.C. § 3500, the trial judge did not order the grand jury testimony of government witnesses sur- rendered to petitioner's counsel, and did not order a postal inspector's notes of interviews with government witnesses surrendered to petitioner's counsel.

The first ground put forth by petitioner was fully considered in prior proceedings and resolved adversely to him. Before the jury trial this Court held a full evidentiary-type hearing upon petitioner's motion to suppress evidence. United States v. Burke, 215 F.Supp. 508 (1963). The incident relied on by petitioner in this motion was there considered and this Court ruled that neither the principle of Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957), nor Rule 5(a), Federal Rules of Criminal Procedure, required arraignment before a Commissioner of a person who was then so under the influence of alcohol as to be unable to understand the nature of the proceeding. The Court of Appeals affirmed this ruling, observing:

> "There is no evidence that Leo (Burke) was considered a suspect by the federal agents at the time of his arrest. He was booked on state charges. The informing of Inspector Agnew of Leo's arrest by the Boston police, and Agnew's subsequent visit to Boston Police Headquarters to question Leo did not make Leo a federal prisoner and bring him under the protection of Rule 5(a)." 328 F.2d 399, 403.

With reference to petitioner's claim that his right to counsel under the Fifth Amendment was denied him, this Court found, after the same evidentiary-type hearing, "as a fact that Leo Burke was fully advised of his rights by the Post Office Inspectors," (215 F.Supp. 508, 511), and the Court of Appeals ruled "We cannot say as a matter of law that this finding was erroneous." (328 F.2d 399, 403.) He is not entitled to relief on this ground under Section 2255.

As the third ground for his motion, petitioner claims that he was transported to and from the scene of a jury view by automobile, while the jury,

trial judge, witnesses, counsel, marshals, reporter, clerk, and the judge's secretary, were transported together in a bus. The three defendants in the case were all in custody in default of bail, and the Marshal followed the usual security practice of transporting the three defendants in his custody in a separate vehicle. This, the petitioner claims, was a denial of his right to be present at every stage of the trial. The experienced counsel who represented the petitioner at the trial was fully informed in advance of the arrangements for traveling to and from the scene of the view and stated that they were satisfactory. (Transcript of trial, p. 5.) Petitioner may not now raise an objection to these arrangements after his counsel agreed to them. In addition, I rule as a matter of law that the trip to and from the scene of the view was not a stage of the trial and that, therefore, petitioner's third ground sets forth no basis for relief under Section 2255.

In the fourth ground of his motion petitioner alleges two separate errors. The first is that the trial judge failed to order the grand jury testimony of government witnesses who testified at the trial surrendered to the defense for use in cross-examination. Assuming that this can be raised in a motion under Section 2255, petitioner's allegations do not entitle him to relief. Production of grand jury testimony is governed not, as petitioner claims, by 18 U.S.C. § 3500, but by Rule 6(e), Federal Rules of Criminal Procedure. And the burden is on the defendant to show a "particularized need" for the grand jury minutes. The transcript of petitioner's trial shows that defense counsel never requested production of the grand jury testimony of any government witness. Many of the government witnesses had made statements to the postal inspectors who investigated the robbery, and these statements were turned over to the defense for use in cross-examination. There is no basis in this record for a finding of abuse of discretion in failing to order the grand jury testimony turned over to the defense in the absence of a motion therefor and absent a showing of particularized need.

The second alleged error relates to Postal Inspector John J. Sullivan's handwritten notes of interviews with government witnesses. It is not clear just what petitioner relies on in this respect. He alleges that these notes were an adopted statement within Section 3500 and as such should have been turned over to the defendant for use in cross-examining Inspector Sullivan. The record, however, shows that Inspector Sullivan's notes, insofar as they related to the subject of his direct examination, were in fact turned over to defense counsel.

The language in the motion indicates that petitioner may be referring to another incident relating to Inspector Sullivan's notes. It appears from the record that the driver of the mail truck was also named John J. Sullivan. During driver Sullivan's testimony it was brought out on cross-examination that he had been interviewed by Inspector Sullivan early on the morning following the holdup and that Inspector Sullivan had taken notes at the interview. Counsel for the defendant demanded that the government produce these notes. The Court held a *voir dire* examination and, on the basis of the testimony of both driver Sullivan and Inspector Sullivan, found that the notes were never signed by driver Sullivan, or read back to him, or in any way adopted by him within the meaning of 18 U.S.C. § 3500. Accordingly, the Court denied the motion to produce the documents. This ruling was not argued on appeal.

Assuming that the trial court's refusal to order the government to produce documents under 18 U.S.C. § 3500 can be raised by a motion under Section 2255, petitioner has shown no error with respect to either ruling on Inspector Sullivan's notes and thus is not entitled to relief.

The motion to vacate sentence is denied.