**UNITED STATES of America**

v.

**Frank A. JASKIEWICZ.**

**Crim. A. No. 22706.**

United States District Court
E. D. Pennsylvania.
Aug. 28, 1967.

Drew J. T. O'Keefe, U. S. Atty., Merna B. Marshall, Joseph H. Reiter, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Leonard Sarner, Sarner, Cooper & Stein, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

The defendant has been charged with income tax evasion. On March 20, 1967, he filed a motion for discovery and inspection. Before this Court are three items of discovery, in which no amicable settlement by the parties could be effected.

In the first item (numbered 1b), the defendant desires to inspect all documents submitted to the Government by the defendant, his attorney, or his accountant. Although the Government contends that it has since returned all documents after copying those in which it held an interest, the defendant desires to ascertain precisely which records have been reproduced and copies retained. Under F.R. Crim.P. 16(a) (1), upon motion of the defendant, the Court may order the attorney for the Government to permit the defendant to inspect and copy written or recorded statements made by the defendant, which are within the possession, custody and control of the Government. The application of this rule extends to records of the type herein sought. United States v. Heath, 260 F.2d 623 (9th Cir. 1958).

But the Government contends that disclosure of the defendant's records which it has reproduced would reveal its case. It is true that the defendant would

obtain some information which would not otherwise be revealed concerning the nature of the Government's case. However, when the net worth technique is being employed by the Government in a prosecution for income tax evasion, a liberal policy concerning discovery of financial records is demanded, since the entire proceedings is based on circumstantial evidence. In Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1955), it was pointed out that one of the dangers inherent in the net worth system is the problem of corroboration, since the prosecution may pick and choose from the taxpayer's records, relying on the favorable portions, and throwing aside those which do not enhance its position. Since the defendant only seeks a listing of the documents which were *submitted* to the Government, revelation would practically preclude the problem raised in *Holland*, since he would then have the opportunity to challenge the analysis and conclusions which the Government may derive therefrom. For this item the defendant's motion for discovery is therefore granted.

▆▆▆ Furthermore (In item 1c), the defendant seeks a copy of the testimony of his accountant previously presented before the Grand Jury, contending that inspection of the minutes of this testimony is material to the preparation of the defense in advance of trial, and not merely to contradict the accountant if he is called as a Government witness. The Government opposes, relying upon the authority of Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1966), and the so-called Jencks Act, 18 U.S.C. section 3500, that neither the prosecution nor the Court has the power to produce the grand jury minutes. With regard to the latter contention, it has been determined that the Jencks Act does not relate to minutes of a grand jury, since their disclosure is expressly governed by the Federal Criminal Rules. Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 398, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). But under Rule 6(e), disclosure of grand jury proceed-

ings to other than a government attorney is authorized only when so directed by the Court preliminary to, or in connection with a judicial proceeding. Burke v. United States, 247 F.Supp. 418 (D.C.Mass.1965), aff'd, 358 F.2d 307 (1 Cir.). Since the proceedings before the grand jury have been traditionally guarded in secrecy, the requirement that the defendant must be able to demonstrate instances of "particularized need where the secrecy of the proceedings is lifted discreetly and limitedly" has developed. United States v. Procter and Gamble Co., 356 U.S. 677, 683, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958). There must therefore be a showing that the "particularized need" for disclosure outweighs the established policy of secrecy. Pittsburgh Plate Glass, supra, 360 U.S. at p. 400, 79 S.Ct. 1237.

▆▆▆ The defendant contends that his particularized need is to "forestall surprise", and not merely to contradict the witness when he is called to testify by the Government; that to preclude this result, revelation of the witness's testimony before the grand jury is sought at the present time, well before trial, and is "essential to the preparation of the defense." The defendant has cited no authority construing Rule 6 which would permit revelation of testimony before grand jury, before the witness has again testified during the subsequent trial. If the defendant desires to preclude the contingency of surprise, he may obtain information concerning the expected testimony of the witness by utilizing the methods of discovery authorized under the Criminal Rules, without asking this court to order the Government to furnish what may be characterized as an extraordinary source of discovery. Since any prudent and zealous counsel would desire to preclude surprise in any judicial proceeding, this alone will not fulfill the requirement for a showing of a "particularized need", so far in advance of trial. This Court shall adhere to the procedure established for the Third Circuit, in United States v. Bertucci, 333 F.2d 292 (1964), and subsequently approved in

Dennis v. United States, 384 U.S. 855. 874, 86 S.Ct. 1840, 16 L.Ed.2d 973 (1965), requiring that disclosure of the prior statements or testimony of a witness shall be made after the judge, *during trial* has conducted an *in camera* examination of the Grand Jury minutes for the purpose of ascertaining any inconsistencies. Although this procedure has been criticized in *Dennis,* nowhere is it suggested that disclosure at any time prior to trial would be authorized. The defendant's motion for discovery of this item is denied, but without prejudice to the right to present a similar motion during trial, in accordance with United States v. Bertucci, supra.

Finally, (In item 1d), the defendant desires to examine the report of the Special Agent who conducted the investigation regarding his financial status, to ascertain whether any bias existed in his recommendation of criminal prosecution, since the defendant has been designated by the Organized Crime and Racketeering Section of the United States Department of Justice as having a possible affiliation with organized criminal activity in the United States.

In Lenske v. United States, 383 F.2d 20 (9th Cir.), a conviction for income tax evasion was reversed upon the demonstration *inter alia,* that the report of the Internal Revenue Service Special Agent investigating the case included an account of the Defendant's left-wing political and social activities and ideas.

Such information is irrelevant. The administration of justice adequately shields an accused from the personal feelings of the initial investigator, or of his collateral findings. The Defendant has been initially charged with a Federal crime, after the Government has successfully sustained its burden of demonstrating to a grand jury that probable cause existed at a proceeding where the defendant was afforded the opportunity to objectively attack any accusation which would be based on such immaterial grounds. In addition to this protection, the defendant may rely on rather rudimentary rules of evidence to preclude

admission and consideration by the trier of fact of such collateral and irrelevant information. This alone would therefore not constitute sufficient basis for pretrial discovery.

Here, the report sought clearly falls within the scope of the Jencks Act. United States v. O'Connor, 273 F.2d 358 (2nd Cir. 1959). Consequently, after the Special Agent has testified on direct examination as a witness for the prosecution, which is presently contemplated by the Government, the Court may, on motion by the Defendant, order the United States to produce the report in question, in accordance with the provisions of the Jencks Act, 18 U.S.C. section 3500. The motion for discovery of this item at this pretrial stage, is therefore Denied. It is so Ordered.