**UNITED STATES of America,**
**Plaintiff,**

v.

**Donald Dennis RYAN, Robert Robbins, also known as Robin R. Roberts, and Eugene Louis Smaldone, Defendants.**

**Cr. A. No. 16972.**

United States District Court
D. Colorado.

Feb. 11, 1963.

Lawrence M. Henry, U. S. Atty. for the District of Colorado, James A. Clark, Asst. U. S. Atty., Denver, Colo., for plaintiff.

Winner, Berge & Martin, Fred M. Winner, and Roland E. Camfield, Jr., Denver, Colo., for defendant Ryan.

Albert A. Norbont, Denver, Colo., for defendant Robbins.

Cristiano & Bugdanowitz, Vincent Cristiano, and Robert Bugdanowitz, Denver, Colo., for defendant Smaldone.

CHILSON, District Judge.

The defendants attack the constitutionality of Title 18 United States Code, § 1952, upon which the indictment in this case is based. The Court has considered the briefs filed in support of and in opposition to said motions, has heard oral argument and is now duly advised.

§ 1952 reads in its essential parts as follows:

"(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—

\* \* \* \* \* \*

"(3) \* \* \* promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,

"and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined \* \* \*.

"(b) As used in this section 'unlawful activity' means (1) any business enterprise involving gambling, liquor on which the Federal Excise tax has not been paid, narcotics, or prostitution offenses in violation of the laws of the State in which they are committed or of the United States \* \* \*."

The defendants attack the statute on three constitutional grounds. First, the statute exceeds the power of Congress under the commerce clause (Article I, Section 8, clause 3, Federal Constitution) in that the activity which is the subject of the statute has no substantial relation to interstate commerce. Second, the statute usurps powers reserved to the states in violation of Amendment Article X of the Constitution in that it attempts to substitute federal enforcement of state criminal laws for state enforcement of those laws. Third, the statute deprives the defendant of due process of law in violation of the Fifth Amendment to the Constitution, in that the prohibition of travel to a state in which gambling is unlawful and permitting travel to a state where gambling is not unlawful is an arbitrary discrimination and bears no reasonable relation to the regulation of interstate commerce.

We first consider the commerce clause (Article I, Section 8, clause 3).

Defendants read Section 1952 to mean that the "unlawful activity" mentioned in that section must take place after the interstate travel. Defendants' interpretation appears to be correct. To constitute a violation of Section 1952, the travel in interstate commerce must be followed by the performance of acts or an attempt to perform acts to promote, manage, et cetera, a business enterprise involving gambling, et cetera, in violation of state law.

The defendants recognize the power of Congress to prohibit the use of interstate commerce in furtherance of violation of state law *after* the state law has been violated.

But defendants contend "speculative future activity is an invalid criterion by which to regulate commerce \* \* \*."

Defendants further contend "this statute is a regulation of interstate commerce for the purpose of reaching a local activity which could not possibly affect that commerce because the use of that commerce has, by the express wording of the statute, stopped before the regulated local activity commences."

That Congress may use its powers under the commerce clause to implement state policy by the exercise of police power over interstate commerce is admitted by the defendants. See Brooks v. United States, 267 U.S. 432, 45 S.Ct. 345, 69 L.Ed. 699.

However, counsel have cited no case and we have found none which is decisive of the contention here made by the defendants, namely that the "unlawful activity" must precede the use of interstate commerce.

In Clark Distilling Company v. Western Maryland Railway Company, 242 U. S. 311, 37 S.Ct. 180, 61 L.Ed. 326, the court held constitutional an act where the interstate commerce preceded the "unlawful activity", but the question here raised was not considered by the court.[1]

Since the Congress has the power to implement state policy by denying the use of interstate commerce in furtherance of activities unlawful by state law, there appears to be no compelling reason why the "unlawful activity" must precede the use of interstate commerce. This, of course, is not to say that there need be no relation between the use of interstate commerce and the "unlawful activity". The act itself requires that the use of interstate commerce be with the intent to engage in the "unlawful activity" and that thereafter that intent is carried out by engaging or attempting to engage in the "unlawful activity".

The Court concludes that the act is within the power of Congress under the commerce clause.

We next consider whether or not this act is an invasion of the powers reserved to the states in violation of Article X of the Federal Constitution.

That the states have the power to legislate concerning gambling, liquor, narcotics, prostitution, extortion, and bribery is without question.

■ As we have previously noted, the Congress, by the exercise of its powers under the commerce clause, may implement state policy so long as the Congress does not invade or attempt to usurp the powers of the state.

■ A reading of Section 1952 discloses no attempt to restrict, invade or interfere with the powers of the state to legislate and control the "unlawful activity" mentioned in Section 1952. Should there be any doubts in this respect, they are allayed by the legislative history. The Judiciary Committee, in reporting on the bill, stated in part:

"Your committee wishes to clearly point out that this bill, because of the very nature of the definition of the crime, will not preempt the area covered by it. Those violations of State law involving narcotics, gambling, liquor, and prostitution * * * will be subject to State and local prosecution by state and local authorities. Nothing in this bill is to be construed as immunizing any violator of State law from state prosecution." (See Legislative History, 87th Congress, First Session, 1961, U.S.Code Congressional and Administrative News, Volume 2, pages 2664 and 2667.)

In considering a similar attack upon the White Slave Act, the Supreme Court said:

"Plaintiffs in error admit that the States may control the immoralities of its citizens. Indeed, this is their chief insistence, and they especially condemn the act under review as a subterfuge and an attempt to interfere with the police power of the States to regulate the morals of their citizens and assert that it is in consequence an invasion of the reserved powers of the States. There is unquestionably a control in the States over the morals of their citizens, and, it may be admitted, it extends to making prostitution a crime. It is a control, however, which can be exercised only within the jurisdiction of the States, but there is a

---

1. The legislation considered in the Clark Distilling case was the Webb-Kenyon Act, which prohibited the interstate transportation of intoxicating liquor from one state to another, which was "intend-ed, by any person interested therein, to be received, possessed, sold, or in any manner used, * * * in violation of any law of such State * * *."

domain which the States cannot reach and over which Congress alone has power; and if such power can be exerted to control what the States cannot it is an argument for—not against—its legality. Its exertion does not encroach upon the jurisdiction of the States. We have cited examples; others may be adduced. The Pure Food and Drugs Act (June 30, 1906, 34 Stat. 768, c. 3915) is a conspicuous instance. In all of the instances a clash of national legislation with the power of the States was urged, and in all rejected." Hoke v. United States, 227 U.S. 308 at 321, 33 S.Ct. 281 at 283, 57 L.Ed. 523.

We conclude that Section 1952 is not in violation of Article X of the Federal Constitution.

 Defendants next contend that Section 1952 is a denial of due process of law in violation of the Fifth Amendment to the Constitution.

In support of this contention defendants point out that the act is applicable to those traveling to states where gambling is illegal, but does not apply to those traveling to states where gambling is legal, and urge that this discrimination violates due process of law in that it is arbitrary and bears no reasonable relation to the regulation of interstate commerce.

There is no requirement of uniformity in connection with the exercise of the commerce power but the exercise of that power is subject to the Fifth Amendment. Although the Fifth Amendment, unlike the Fourteenth Amendment, has no equal protection clause, nevertheless, discrimination, if gross enough, is equivalent to confiscation and subject under the Fifth Amendment to challenge and annulment. See Detroit Bank v. United States, 317 U.S. 329, 63 S.Ct. 297, 87 L.Ed. 304; Currin v. Wallace, 306 U.S. 1, 59 S.Ct. 379, 83 L.Ed. 441; Steward Machine Company v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279 and cases cited therein.

Is the discrimination involved in the application of Section 1952 equivalent to confiscation or so arbitrary and injurious in character as to violate the due process clause of the Fifth Amendment?

In Clark Distilling Company v. Western Maryland Railway Company, 242 U.S. 311, 37 S.Ct. 180, 61 L.Ed. 326, supra, the court considered the question of uniformity at considerable length. As we have previously pointed out, the statute under attack in that case is similar in character to the one before the Court, in that it prohibited the transportation of liquor from one state to another where the liquor was intended to be received, possessed, sold or used in violation of state law. The court said at pages 326 and 327, 37 S.Ct. at 185:

"So far as uniformity is concerned, there is no question that the act uniformly applies to the conditions which call its provisions into play—that its provisions apply to all the States,—so that the question really is a complaint as to the want of uniform existence of things to which the act applies and not to an absence of uniformity in the act itself. But aside from this it is obvious that the argument seeks to engraft upon the Constitution a restriction not found in it, that is, that the power to regulate conferred upon Congress obtains subject to the requirement that regulations enacted shall be uniform throughout the United States. In view of the conceded power on the part of Congress to prohibit the movement of intoxicants in interstate commerce, we cannot admit that because it did not exert its authority to the full limit, but simply regulated to the extent of permitting the prohibitions in one State to prevent the use of interstate commerce to ship liquor from another State, Congress exceeded its authority to regulate. We can see, therefore, no force in the argument relied upon tested from the point of

view of reason, and we come to the question of authority."

. The court then discussed in some detail the authorities, concluded that the legislation was not constitutionally objectionable for lack of uniformity, and stated at page 332, 37 S.Ct. at 187:

"It is only necessary to point out that the considerations which we have stated dispose of all contentions that the Webb-Kenyon Act is repugnant to the due process clause of the Fifth Amendment, since what we have said concerning that clause in the Fourteenth Amendment as applied to state power is decisive."

This Court concludes that Section 1952 does not violate the Fifth Amendment.

IT IS THEREFORE ORDERED that the motions to dismiss on the grounds of unconstitutionality be and the same are hereby overruled and denied.