**TURF CENTER, INC., Allen A. Goldberg, Milton Hyatt and Myer Mayor Fox, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 18452.

United States Court of Appeals Ninth Circuit.

Dec. 10, 1963.

Rehearing Denied Jan. 14, 1964.

**794**

———◆———

Murray B. Guterson, and Max R. Nicolai, Seattle, Wash., for appellants.

Brockman Adams, U. S. Atty., and David J. Dorsey, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and TAYLOR, District Judge.

TAYLOR, District Judge.

The appellants were convicted in the United States District Court for the Western District of Washington, Northern Division, on four counts of an Indictment, each count charging a violation of Title 18 U.S.C. § 1952.[1] They were charged as principals under 18 U.S.C. § 2. Each count is identical except for the date on which the offense was alleged to have been committed.[2]

---

1. 18 U.S.C. § 1952:

"(a) Whoever travels in interstate or foreign commerce or uses any facility in interstate or foreign commerce, including the mail, with intent to—

"(1) distribute the proceeds of any unlawful activity; or

"(2) commit any crime of violence to further any unlawful activity; or

"(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity, and thereafter performs or attempts to perform any of the acts specified in subparagraphs (1), (2), and (3), shall be fined not more than $10,000 or imprisoned for not more than five years, or both.

"(b) As used in this section 'unlawful activity' means (1) any business enterprise involving gambling, liquor on which the Federal excise tax has not been paid, narcotics, or prostitution offenses in violation of the laws of the State in which they are committed or of the United

States, or (2) extortion or bribery in violation of the laws of the State in which committed or of the United States."

2. Each county alleges:

"The Grand Jury Charges:

"That on or about * * *, at Seattle, in the Northern Division of the Western District of Washington and within the jurisdiction of this Court, the defendants, * * * did use a facility in interstate commerce, to wit, the wire facilities of the Western Union Telegraph Company, which facilities operate between Chicago, Illinois and Seattle, Washington, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, to wit, a business enterprise involving gambling offenses, that is to say, gambling, betting and wagering on sporting events in violation of Title 9, Revised Code of Washington, Sections 9.47.010, 9.47.020, 9.47.030, 9.47.060, 9.47.070 and in addition, the laws of the United States.

The record discloses that in May, 1962, the appellants purchased a business in Seattle, Washington, known as the Turf Smoke Shop, Inc., where among other things, there was conducted "pull-tab" games. Admittedly this operation involved betting and wagering on sporting events, occurring from time to time throughout the United States, in violation of the anti-gambling laws of the State of Washington. After the appellants purchased the business it was operated under the name of Turf Center, Inc., in the same manner as it had been operated. There was located in and upon the premises of this enterprise a Western Union Telegraph Company wire service which formed a loop through Chicago, Illinois, where the scores and results of various national sporting events were correlated and dispatched to the Turf Center in Seattle. This wire facility was used by appellants to obtain up-to-the-minute reports of scores and results while sporting events were in progress and at their termination; all for the purpose of promoting and facilitating the betting and wagering games being conducted by appellants.

Appellants have specified eight errors, none of which has merit. We consider them in the order assigned.

Under Specification of Error No. 1, appellants contend that 18 U.S.C. § 1952 violates the due process clause of the Fifth Amendment to the United States Constitution and a portion of the Sixth Amendment because the application of the statute is vague and its language fails to apprise a man of common intelligence of what conduct he must avoid to be certain he does not run afoul of its provisions.

■■ A statute meets the standard of certainty required by the Constitution if its language conveys sufficiently definite warning as to the proscribed conduct when measured by common under-

standing and practices. United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L. Ed. 1877 (1948); Gorin v. United States, 312 U.S. 19, 61 S.Ct. 429, 85 L.Ed. 488 (1941). Neither the word "facilitate" nor the phrase "any facility" are vague, indefinite or uncertain as contended. See United States v. Smith, 209 F.Supp. 907, 918 (D.C., Ill., 1962); United States v. Barrow, 212 F.Supp. 837, 840 (D.C.Pa., 1962); and United States v. Teemer, 214 F.Supp. 952, 956 (D.C.Va., 1963). The argument that the word "involving" creates vagueness because it leaves uncertain and indefinite both the degree and remoteness of the involvement in gambling required of the business enterprise is without merit. The fact that in some cases it may be difficult to determine the side of the line on which a particular fact situation falls is not sufficient reason to hold the language too ambiguous to define a criminal offense. United States v. Petrillo, supra. Finally, appellants' argument that the word "gambling" refers to gambling as it was known to the common law and that it does not have reference to the phrase "offenses in violation of the laws of the State in which they are committed or of the United States" leads to an absurd result, especially in the light of the statute's legislative history.

■ The statute meets the standard of certainty required by the Constitution. The case of Winters v. New York, 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948) and similar cases relied on by appellants are inapposite.

■■ By appellants' second Specification it is claimed that Title 18 U.S.C. § 1952 is unconstitutional because it denies equal protection of the laws on the theory that, if read to apply only in states where gambling is illegal, residents of such states are discriminated against and hence denied equality under the law guaranteed by the due process clause of the Fifth Amendment.

namely Title 18, United States Code, Section 1084, and that said defendants did thereafter perform and attempt to perform acts in the Western District of

Washington to promote, manage, carry on and establish the said unlawful activity, all in violation of Title 18, United States Code, Sections 1952 and 2."

Legislation which constitutes an exercise by Congress of its plenary power over commerce is not repugnant to the due process clause of the Fifth Amendment merely because of variation in State laws. Clark Distilling Company v. Western Maryland Railway Company, 242 U.S. 311, 37 S.Ct. 180, 61 L.Ed. 326 (1916). Cf. United States v. Ryan, 213 F.Supp. 763, 766 (D.C.Colo., 1963).

Specification No. 3 attacks Counts V, VII, IX, and XI, the counts on which appellants were convicted, as being obscure and vague in violation of Rule 7(c) Federal Rules of Criminal Procedure.[3]

It will be noted that each of these counts is substantially in the words of Section 1952, the statute in question. Appellants argue that the precise nature of the gambling offenses should have been set forth in detail in order to be properly apprised of the offense charged. The violation of the State statutes was an element of the offense and not the gravamen of the charge.

█ An indictment is sufficient if it contains the elements of the offense contended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 419, 76 L.Ed. 861 (1932); United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 114, 98 L.Ed. 92 (1953).[4]

█ It cannot be convincingly argued here that the statute does not embody all the elements of the offense nor that the counts questioned in the indictment do not substantially adhere to the wording of Section 1952. Appellants were sufficiently apprised of what they had to meet by the allegations in each of the counts. The case of Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), relied on by appellants, represents an exception to the rule and is not in point here. Cf. United States v. Teemer, 214 F.Supp. 952, 957 (D.C.W.Va.1963).

█ Appellants also urge that because the indictment is not sufficiently specific they would be precluded from pleading former jeopardy in the event of a subsequent prosecution for the same offenses. It is contended that by using the conjunctive in each count in pleading the violation of the State and Federal anti-gambling laws as part of the unlawful activity the counts were too vague to establish former jeopardy. We do not agree.

█ Where a crime, denounced disjunctively in the statute, is charged in the conjunctive, the proof of any one of the allegations will sustain a conviction. Arellanes v. United States, 302 F.2d 603, 609, (9th Cir. 1962), cert. den. 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238. Thus, it is recognized that charging in one count the doing of the prohibited act in each

3. Rule 7(c) provides:
   "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney for the government. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such statement. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

4. In Hagner v. United States, supra, the court states the test to be as follows:
   "The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, 'and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

of the prohibited modes redounds to the benefit of the accused. A judgment on a verdict of guilty upon that count will be a bar to any further prosecution in respect to any embraced by it. Crain v. United States, 162 U.S. 625, 636, 16 S.Ct. 952, 955, 40 L.Ed. 1097 (1896). See also, Korholz v. United States, 269 F.2d 897, 900, (10th Cir. 1959), cert. den. 361 U.S. 929, 80 S.Ct. 367, 4 L.Ed.2d 352 (1960); and Rule 7(c), Federal Rules of Criminal Procedure.

By Specifications of Error Nos. 4, 5, and 6 the appellants attack the sufficiency of the evidence to sustain the convictions. During the argument before this Court counsel for appellants in essence admitted that there is little, if any, merit to these specifications and we find none. On an examination of the evidence and the inferences to be drawn there-from, it is clear that there is substantial evidence to warrant the convictions as found by the jury. Agobian v. United States, 323 F.2d 693, (9th Cir., 1963); Foster v. United States, 318 F.2d 684, 689, (9th Cir., 1963).

By their last Specifications of Error, Nos. 7 and 8, appellants contend that the trial court erred in refusing to give and in the giving of certain instructions on specific intent. We are satisfied that the instructions, when taken as a whole, properly and sufficiently advised the jury as to the question of intent.[5] Batemen v. United States, 212 F.2d 61, 70 (9th Cir., 1954); Legatos v. United States, 222 F.2d 678, 687 (9th Cir., 1955). We find there was no error in refusing to give nor the giving of any instructions.

We conclude that the convictions should be and hereby are affirmed.

---

5. "In order to convict the defendants * * * you must be convinced beyond a reasonable doubt, * * * of each of the following elements of the offense charged:

"The second element, that such use was with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment and carrying on, of a business enterprise involving gambling offense in violation of the laws of the State of Washington.
* * *

"If you entertain a reasonable doubt as to the establishment of any one of the foregoing elements, you should return a verdict of not guilty.
* * *

" * * * Now, with respect to any crime there must exist a union or joint operation of act and intent, and the burden is always upon the government to prove both act and intent beyond a reasonable doubt.

"Intent may be proved by circumstantial evidence. It rarely can be established by any other means; because while witnesses may see and hear and thus be able to give direct evidence of what a defendant does or fails to do, there can be no eye-witness account of the state of mind with which the acts were done or omitted. But what a defendant does or fails to do may indicate intent or lack of intent to commit the offense charged.

"It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted. So, unless the contrary appears from the evidence, the jury may draw the inference that the defendant intended all the consequences which one standing in like circumstances and possessing like knowledge should reasonably have expected to result from any act knowingly done or knowingly omitted by them.

"In determining the issue as to intent the jury is entitled to consider any statements made and acts done or omitted by the defendant, and all facts and circumstances in evidence which may aid in determination of state of mind.

"It is not necessary for the prosecution to prove knowledge of the accused that a particular act or failure to act was a violation of law. Unless and until outweighed by evidence to the contrary, the presumption is that every person knows what the law forbids, and what the law requires to be done. However, evidence that the accused or any of these defendants acted or failed to act because of ignorance of the law, is to be considered in determining whether or not the accused acted or failed to act with specific intent as charged."