**Therman McGRIFF, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 22936.

United States Court of Appeals
Ninth Circuit.

Feb. 24, 1969.

---

**334**

Marvin W. Friedman (argued), San Francisco, Cal., for appellant.

Philip S. Malinsky (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., Phoenix, Ariz., for appellee.

Before BROWNING, CARTER and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant appeals from a judgment of conviction, resulting from a jury trial on an indictment charging a violation of 18 U.S.C. § 641, in that the appellant did "receive, conceal and retain, with intent to convert to his own use and gain, stolen goods and property of the United States, of a value in excess of $100.00. * * * ".

■ 18 U.S.C. § 641 uses the words "receives, conceals or retains" in the disjunctive. The indictment uses them in the conjunctive. "[I]t is * * * proper to charge conjunctively the elements of a crime which is denounced disjunctively in the statute, and a finding of any one of the said elements will support a verdict of guilty," Arellanes v. United States, 302 F.2d 603, 609 (9 Cir. 1962), cert. denied 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962), and cases there cited.

■ The instruction given the jury on the elements of the offense used the verbs in the disjunctive. This was proper. The verdict was in the disjunctive. Appellant cannot complain, since the verdict bars a further prosecution based on any of the disjunctive verbs in the statute. Turf Center, Inc. v. United States, 325 F.2d 793, 796 (9 Cir. 1963).

■ When the court read the indictment to the jury, the court omitted the words "conceal and retain," reading only the word "receive." However, immediately following, in the instructions, the court stated that the jury, before convicting, must find that the appellant "received, concealed or retained" property of the United States. No objection was made to instructions or the form of verdict. The error, if any, was prejudicial to the United States and not the appellant.

■■ Although no instruction on entrapment was requested by appellant, he contends it was plain error under Rule 52, F.R.Crim.P., not to give an instruction on entrapment. There must be some showing of the kind of conduct on the part of the government agents, which

could have induced the criminal act before the issue of entrapment arises. Lopez v. United States, 373 U.S. 427, 435, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963). Here the government undercover agent went to appellant's home to buy, and bought, the stolen government money orders. The appellant at that time produced the money orders. Obviously he had "received" them and had "retained" them before he was contacted by the undercover agent. Appellant was not charged with a sale, but with "receiving, concealing and retaining" the money orders. No government agent had any connection with such receipt, concealment or retention. The contention is without merit.

█ Finally, the appellant contends that the jury were not properly instructed on the elements of the offense and that the government must prove each element beyond a reasonable doubt. An inspection of the record shows the jury was properly instructed.

Judgment affirmed.