**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**James Keith CARTER, Defendant-Appellant.**

**No. 71–2566.**

United States Court of Appeals, Ninth Circuit.

Feb. 7, 1972.

**526**

———◆———

R. Lamar Couser, Tucson, Ariz., for defendant-appellant.

Richard K. Burke, U. S. Atty., James E. Meuller, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before BROWNING, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Carter was found guilty by a jury of violating 8 U.S.C. § 1324(a)(4), which prohibits encouraging or inducing an alien to enter the United States illegally. On appeal he asserts that the proof varied fatally from the allegations of the indictment.

The indictment charged that he did "knowingly encourage *and* induce" the entries. The trial court submitted the cause to the jury in the disjunctive, using the words "encourage *or* induce" as to each count. We have held this practice to be proper:

> "Although the practice is based upon reasoning which is obscure with age, it is still proper to charge conjunctively the elements of a crime which is denounced disjunctively in the statute, and a finding of any one of the said elements will support a verdict of guilty." Arellanes v. United States, 302 F.2d 603, 609 (9th Cir. 1962).

*See also* McGriff v. United States, 408 F.2d 333, 334 (9th Cir. 1969).

Appellant also contends that he should receive a new trial because an allegedly improper question put to a defense witness severely prejudiced him. Upon cross-examination of one of appellant's witnesses, the prosecutor asked if the witness had ever been convicted of a felony. Upon challenge, the prosecutor admitted he had no documentary evidence of prior felonies by the witness. The government did offer to introduce the testimony of an Assistant United States Attorney who had negotiated a guilty plea with the witness on a prior occasion.

The trial judge ruled that the witness need not answer the question. Carter now argues that the mere asking of it requires a new trial. We think not. The witness testified that he had talked with Carter in jail, so the jury knew that he had been arrested. The government asked the question in good faith, for it was prepared to present evidence of prior felonies upon request. Documentary evidence was not available because the government did not know until the day of trial that the witness would be called.

In these circumstances we doubt that asking the question can be viewed as error. And even if it had been error, it most certainly was harmless. No prejudice was shown, and independent evidence explained away any doubts of guilt raised by the witness' testimony.

The witness said that two of the aliens had told him that Carter did not bring them over the border. In rebuttal, the government called one of the aliens who testified that he meant only that Carter did not physically assist the crossing.

We affirm and direct that the mandate be issued at once.