**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Willie Mae JONES, aka "Jackie", et al., Defendants-Appellees.**

**No. 72–2276.**

United States Court of Appeals, Ninth Circuit.

Feb. 15, 1974.

Rehearing Denied April 10, 1974.

Robert M. Carney (argued), David H. Martin, Alfred No. King, Special Atty., U. S. Dept. of Justice, Washington, D. C., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Bruce I. Hochman (argued), Harvey D. Tack, Maynard D. Davis, Los Angeles, Cal., for Nachenberg.

Richard C. Dunsay, Los Angeles, Cal., for Algerine.

Laurie Harris, Deputy Federal Public Defender, John K. Van De Kamp, Federal Public Defender, for Primmer.

Richard G. Kolostian, Los Angeles, Cal., for Leshinsky.

Paul A. Lenz, Los Angeles, Cal., for Bayless.

Michael D. Nasatir, Nasatir, Sherman & Hirsch, Beverly Hills, Cal., for Jones.

Myron Roschko, Beverly Hills, Cal., for Cherry.

P. Basil Lambros, Beverly Hills, Cal., for Cooper.

S. David Rosenson, Beverly Hills, Cal., for Goldman.

John C. Candido, Burbank, Cal., for Pearson.

Before MERRILL and CHOY, Circuit Judges, and ENRIGHT,* District Judge.

CHOY, Circuit Judge:

Appellants were indicted by a federal grand jury for conducting an illegal gambling business in violation of 18 U. S.C. § 1955. After arraignment and a hearing on the constitutionality of § 1955, the district court ordered the government to file a bill of particulars showing how the various defendants were connected with each other in an enterprise within Congress' intent in enacting the statute.

The bill supplied the details of the government case. A large scale bookmaking organization was operating in violation of § 337(a) of the California Penal Code. Appellants were four front office clerks who accepted bets in person and over the phone, and seven agents or splitters who sought out bettors, paid

* The Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation.

winners and collected from losers. The management personnel of this enterprise were being prosecuted on a separate indictment. During a period between June 16th and June 26th, 1971, gross wagers in excess of the statutory amount required by § 1955 were received by the enterprise.

The district judge dismissed the indictment after reviewing the bill of particulars. He found that appellants were merely the usual front people working for a bookmaker on a commission basis and that the indictment did not charge an offense as intended by Congress.

The government appeals the dismissal of the indictment contending (1) that § 1955 is constitutional; (2) that the low level employees were intended by Congress to be within the scope of § 1955; and (3) that the indictment properly charged an offense. We reverse.

■ The constitutionality of § 1955 has recently been upheld by this Circuit in United States v. Sacco, 491 F.2d 995 (9th Cir. 1974), in which the Commerce Clause, vagueness and due process contentions raised by appellees in this case were rejected.

■ In *Sacco*, we held low level employees, such as those indicted here, to be included within the scope of § 1955. "Each person, whatever his function, who plays an integral part in the maintenance of illegal gambling, conducts an 'illegal gambling business.' "

■ We find that the indictment was improperly worded as claimed by appellees.[1] However, this defect does not warrant dismissal. Where a crime, denounced disjunctively in a statute, is charged in the conjunctive, the proof of any one of the allegations will sustain the conviction. McGriff v. United States, 408 F.2d 333, 334 (9th Cir. 1969); Turf Center, Inc. v. United States, 325 F.2d 793, 796 (9th Cir. 1963); McGriff v. United States, 408 F.2d 333, 334 (9th Cir. 1969).

Reversed.

On Petition for Rehearing

Appellees' motion for leave to file a late petition for rehearing is granted and the Clerk is instructed to file said motion which was lodged in the Clerk's office on March 21, 1974.

Appellees' petition for rehearing is denied. United States v. Sacco, 491 F.2d 995, (9th Cir. 1974).

---

1. The indictment reads in part as follows: ". . . conduct, manage, supervise *and* own a gambling business." The statute reads, ". . . conduct, finance, manage, supervise, direct, *or* own all or part of such business." (Emphasis added.)