**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**David A. PETERSEN,
Defendant-Appellant.**

**No. 76–2604.**

United States Court of Appeals,
Ninth Circuit.

Jan. 10, 1977.

Peter M. Lind, Seattle, Wash., for defendant-appellant.

Stanley G. Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and RENFREW,* District Judge.

PER CURIAM:

Defendant appeals from a conviction for filing false and fraudulent W–4E Exemption from Withholding forms and for filing a false and fraudulent W–4 Employee's Withholding Allowance Certificate under the Internal Revenue Code [26 U.S.C. § 7205].

Petersen contends that the trial court erred in not giving the jury a copy of the Information for use during its deliberations. This is a matter within the court's discretion. *United States v. Murray,* 492 F.2d 178, 193 (9th Cir. 1973), *cert. denied,* 419 U.S. 854, 95 S.Ct. 98, 42 L.Ed.2d 87 (1974); *Souza v. United States,* 304 F.2d 274, 280 (9th Cir. 1962). The information was short, not complicated, and had been read to the jury twice during the trial. There was no abuse of discretion.

Another contention is that the second count was faulty in accusing Petersen of claiming 28 exemptions when in fact the form used referred to *allowances* rather than *exemptions.* The relevant code sections demonstrate that the terms overlap in meaning to a significant extent [26 U.S.C. § 3402(a), (b), (c), and (f)] and that the description of the substantive offense of claiming an excess number uses the term *exemption* [26 U.S.C. § 3402(f)(2)(A)]. At 26 U.S.C. § 3402(m)(3)(C), the code says an allowance should be treated as if it were denominated an exemption for purposes of this title. Evidence indicates that Petersen was no stranger to the purpose and use of the form and the jury could well believe he knowingly and willfully supplied a false and fraudulent claim. This contention is without merit.

Petersen also contends that the court erred in instructing the jury in the disjunctive, false *or* fraudulent, when the information charged the conjunctive, false *and* fraudulent. This practice has been upheld in cases where, like this one, the statute uses the disjunctive. *United States v. Carter,* 454 F.2d 525, 526 (9th Cir. 1972); *McGriff v. United States,* 408 F.2d 333, 334 (9th Cir. 1969); *Arellanes v. United States,* 302 F.2d 603, 609 (9th Cir.), *cert. denied,* 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962).

Contrary to appellant's other contentions, the evidence abundantly supports the verdict.

The judgment is affirmed.

* Honorable Charles B. Renfrew, United States District Judge, of the Northern District of California, sitting by designation.