14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Manessa F. NALLIE, Defendant-Appellant.
 No. 92-3565.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1994.
 
 Before: KEITH, GUY, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Manessa Nallie appeals her conviction for two counts of money laundering. For the reasons set forth herein, we affirm.
 
 I.
 A. PROCEDURAL HISTORY
 
 2
 On August 28, 1991, a grand jury returned a 91-count indictment against twenty-five individuals relating to narcotics trafficking, money-laundering and racketeering. Manessa Nallie was charged under counts 6, 7, 8 and 9 with money laundering and aiding and abetting money laundering in violation of 18 U.S.C. Secs. 1956(a)(1)(A)(i) and (B)(i) and 18 U.S.C. Sec. 2. Counts 6 and 7 were dismissed. The jury returned guilty verdicts on Counts 8 and 9 on February 19, 1992. Nallie was sentenced to 30 months imprisonment on Counts 8 and 9 concurrently, a two-year term of supervised release, a $6,000 fine, and a $50 special assessment. Nallie appeals her conviction.
 
 B. FACTS
 
 3
 Manessa Nallie is a 64 year-old retired woman. She is the mother of Marie Gibbs and the grandmother of Mario Gibbs and Charles "Chuckie" Nallie. On September 4, 1991, she was arrested at her residence in Columbus, Ohio, in connection with four money laundering charges.
 
 
 4
 The two remaining charges against Ms. Nallie involve her participation in the purchase of two automobiles, a Mercedes Benz and a Corvette. Both automobiles are titled in her name. The government contends that the automobiles were purchased in an attempt to launder funds derived from the drug-related activities of Nallie's grandsons, Mario and Chuckie.
 
 
 5
 Ms. Nallie claims that the money for the Mercedes was provided by her daughter Marie and that it actually belonged to Marie. Ms. Nallie testified that the Corvette was for Chuckie and that while she made the initial down payment, he was expected to make monthly payments.
 
 II.
 A. SUFFICIENCY OF THE EVIDENCE
 
 6
 A Sec. 1956 violation has three elements, the third of which varies according to the specific subsection charged. Nallie was charged and convicted under both Sec. 1956(a)(1)(A)(i) and (B)(i).[1] The first two elements of a money laundering offense under both subsection (a)(1)(A)(i) and subsection (a)(1)(B)(i) are (1) use of funds that are the proceeds of illegal activity, and (2) knowledge that the funds are proceeds of illegal activity. However, the third element under subsection (a)(1)(A)(i) is intent to promote the carrying on of unlawful activity, while the third element under subsection (a)(1)(B)(i) involves the conducting of a financial transaction with those proceeds, knowing that the transaction is designed to disguise the nature, source, or ownership of the proceeds.
 
 
 7
 The standard for a challenge to the sufficiency of the evidence is whether, taking the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Martin, 920 F.2d 345, 348 (6th Cir.1990) (citing Jackson v. Virginia, 443 U.S. 307 (1979)), cert. denied, 111 S.Ct. 2038 (1991).
 
 
 8
 The government has offered evidence of mysterious cash deposits into Nallie's checking account which were closely linked to checks written by Nallie for the purchase of automobiles. For instance, on July 17, 1989 Nallie wrote a check to Denney Motors for $4,000. On July 18, 1989 a $4,000 cash deposit was put into Nallie's checking account. Also, a deposit of $3,000 was made on May 1, 1989 and a check for $2,492.40 was written by Nallie on May 16, 1989. Both the Mercedes Benz and the Corvette were in Nallie's name but were primarily used by her grandsons and her daughter.
 
 
 9
 Nallie knew of her grandson Mario's arrest for drug activities in 1988. She also was present when the Mercedes was seized pursuant to a federal warrant in 1989, several days prior to Nallie's writing a check to Denney Motors for $4,000. Nallie indicated that when she purchased the Corvette she expected her grandson Chuckie to make the payments. However, IRS records indicate that Chuckie earned only $71 in 1989. Nallie asserted that she expected her daughter Marie to make the $466 per month payments on the Mercedes despite the fact that in 1989 Marie earned only $9,112.83 after taxes and withholding. Nallie was also aware of the fact that police officers found $7,000 in cash in a safe in her daughter Marie's home (this was also the residence of her grandsons Mario and Chuckie). Nallie's grandsons, though not legitimately employed, wore gold watches, diamond rings, and gold bracelets, described by Nallie as being better than her jewelry, to Nallie's house.
 
 
 10
 The facts in the present case indicate that a reasonable trier of fact could find the elements of the crimes charged beyond a reasonable doubt. It is clear that the government need not trace the "origin of all funds deposited into a bank account to determine exactly which funds were used for which transaction." United States v. Jackson, 935 F.2d 832, 840 (7th Cir.1991). The jury may infer from evidence presented that income used in the purchase of automobiles was a result of illegal drug activity.
 
 
 11
 The jury may also infer that a reasonable person in Nallie's situation would have been aware of the illegal activities of Mario and Chuckie. An affirmative act of "deliberate ignorance" cannot negate knowledge. See United States v. Strickland, 935 F.2d 822, 826-827 (7th Cir.1991). A jury could have reasonably found that Nallie possessed the requisite knowledge or intent.
 
 B. Evidentiary Issues
 
 12
 The second issue raised by Nallie involves the admission of wiretap conversations and cash transactions not involving Nallie. It is undisputed that the tapes of the wiretap conversations "graphically" demonstrate that the individuals on the tape (including her grandson Mario), were involved in drug trafficking. However, Nallie argues that neither her voice nor her name are heard on the tape and that admission of the tapes is unfairly prejudicial. The government contends that the tapes are necessary to prove the existence of the drug trafficking operation at the time payments were made on the car. Nallie also challenges the admission of evidence regarding cash financial transactions in which she did not participate. Nallie argues that this evidence should have been excluded under Rules 402, 403 and 404(B).
 
 
 13
 The lower court's evidentiary rulings are reviewed on an abuse of discretion standard. United States v. Moreno, 933 F.2d 362, 325 (6th Cir.) cert. denied, 112 S.Ct. 265 (1991). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error in judgment." Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 133 (6th Cir.1990). Nothing in the record here indicates a clear error of judgment by the lower court regarding admission of the wiretap conversations.[2] The wiretap conversations prove the existence of the conspiracy and that it was ongoing at the time the payments were made on the vehicles. While the substance may be prejudicial to her case, the probative value is not substantially outweighed by a risk of unfair prejudice under Rule 403.
 
 
 14
 Nallie's claims regarding the admission of the cash financial transactions of other individuals must also fail. The trial court's rulings under Rules 402 or 403 must be upheld unless there is an abuse of discretion. United States v. Schrock, 855 F.2d 327, 333 (6th Cir.1988). The financial transactions were introduced to demonstrate the existence of the drug conspiracy at the time payments were made on the automobiles and the source of the funds expended by Mario Gibbs and Chuckie Nallie. Such judgments must be left "within the sound discretion of the trial court." United States v. Zipkin, 729 F.2d 384, 389 (6th Cir.1984) (quoting United States v. Brady, 595 F.2d 359, 361 (6th Cir.) cert. denied, 444 U.S. 862 (1979)). The trial court did not abuse its discretion in admitting this evidence.
 
 III.
 
 15
 For the foregoing reasons, the conviction and sentence of the trial court is AFFIRMED.
 
 
 
 [1]
 The government charged Ms. Nallie under both Sec. 1956(a)(1)(A)(i) and (B)(i)
 The question arises whether, since the indictment was worded in the conjunctive, the government must prove both knowledge and intent by Ms. Nallie. Analogous cases indicate that proof of one or the other will be sufficient to uphold the conviction.
 On an indictment charged in the conjunctive, when there is evidence sufficient to support conviction on one of the acts charged, the conviction will not be disturbed for lack of sufficiency of the evidence.
 United States v. Joseph, 892 F.2d 118, 125 (D.C.Cir.1989). In Joseph, the relevant statute, 18 U.S.C. Sec. 924(c)(1) speaks in the disjunctive "whoever uses or carries a firearm" while the indictment spoke in the conjunctive "Joseph ... used and carried a firearm." Id. The Court supported its reasoning by quoting the United States Supreme Court:
 When a jury returns a guilty verdict on an indictment charging several acts in the conjunctive ... the verdict stands if the evidence is sufficient with respect to any one of the acts charged.
 Id. (quoting Turner v. United States, 396 U.S. 398, 420-21 (1970).
 The Third, Fifth, Ninth and Tenth Circuits have all espoused similar holdings finding that a criminal statute denounced disjunctively may be alleged in an indictment in the conjunctive and will be upheld if there is sufficient evidence to prove one of the elements. See United States v. Niederberger, 580 F.2d 63, 68 (3rd Cir.1978); United States v. Duran, 411 F.2d 275, 278 (5th Cir.1969); McGriff v. United States, 408 F.2d 333, 334 (9th Cir.1969); United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir.1991).
 In this case, Sec. 1956(a)(1)(a)(i) and (b)(i) are written disjunctively yet Nallie was indicted conjunctively. We find the conviction should be upheld if there is sufficient evidence of either of the acts charged.
 
 
 [2]
 The lower court gave a detailed limiting instruction regarding the appropriate import of the wiretap evidence