103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl W. MATHISEN, Defendant-Appellant.
 No. 95-35756.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Nov. 7, 1996.
 
 Before: WRIGHT, BRUNETTI and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Mathisen appeals the district court's denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Mathisen contends that he was denied effective assistance of counsel at trial and on appeal, that the district court improperly instructed the jury on the crimes charged in the indictment, and that the prosecutor knew or should have known that the grand jury heard perjured testimony. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 * Mathisen argues that he was denied his Sixth Amendment right to effective trial counsel on the ground that his attorney, Lawrence Finegold, breached the duty of loyalty and thereby labored under a conflict of interest.
 
 
 4
 To demonstrate a Sixth Amendment violation on that basis, "a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335, 350 (1980); see United States v. Mett, 65 F.3d 1531, 1534-36 (9th Cir.1995) (applying Cuyler ), cert. denied, 65 U.S.L.W. 3110 (U.S. Oct. 7, 1996) (No. 96-191); Williams v. Calderon, 52 F.3d 1465, 1472-73 (9th Cir.1995) (declining to extend Cuyler ), cert. denied, 116 S.Ct. 937 (1996). We have held that "an attorney who abandons his duty of loyalty to his client may by so doing create a conflict of interest." Frazer v. United States, 18 F.3d 778, 782 (9th Cir.1994). According to Mathisen, Finegold breached his duty of loyalty by "withholding his energies" at trial because of a fee dispute.
 
 
 5
 The magistrate judge, after conducting an evidentiary hearing,[1] found that Finegold had stated "words to the affect [sic] that if he did not receive sufficient attorney fees from Mr. Mathisen he would 'throw him [Mathisen] to the wolves.' " The magistrate judge concluded, however, that notwithstanding "such efforts to blow off steam," Finegold at no time breached his duty of loyalty to Mathisen. We agree.
 
 
 6
 As the magistrate judge recited and the district court accepted, Finegold communicated with Mathisen on material matters throughout an eight-month trial, made strategic decisions regarding witnesses, adequately advised Mathisen on whether to testify, filed approximately eighty motions on Mathisen's behalf, including eight pretrial motions challenging the sufficiency of the indictment, and delivered a three-and-a-half to four-hour summation following intense preparation.
 
 
 7
 The record amply supports the finding that "at no time did Mr. Finegold abandon his duty to avidly represent his client to the best of his ability." Since no "actual conflict of interest adversely affected his lawyer's performance," Cuyler, 446 U.S. at 350, we reject Mathisen's Sixth Amendment claim.
 
 II
 
 8
 Mathisen also claims ineffective assistance of his appellate counsel, Stephen Frost. Frost filed a late notice of appeal, denied as untimely, from the denial of Mathisen's motion for a new trial based on newly discovered evidence. The district court rejected Mathisen's ineffective assistance claim because "the appeal would have been fruitless."
 
 
 9
 To prevail on this ineffectiveness claim, Mathisen must demonstrate (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). We agree with the district court that Mathisen failed to demonstrate any appealable error and, thus, any prejudice.
 
 
 10
 Moreover, "the right to effective assistance of counsel is dependent on the right to counsel itself." Evitts v. Lucey, 469 U.S. 387, 397 n. 7 (1985). For a criminal defendant, "the right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).
 
 
 11
 Mathisen's judgment of conviction was entered on October 26, 1989, from which he timely appealed. United States v. Dischner, 974 F.2d 1502, 1508 (9th Cir.1992), cert. denied, 507 U.S. 923 (1993). Mathisen filed his post-conviction motion for a new trial on October 9, 1990, almost a year after the judgment of conviction was entered. He now complains that his attorney filed a late appeal from the denial of that motion. For such collateral appeals, Mathisen has no constitutional right to counsel.
 
 
 12
 Where a defendant does not have a constitutional right to counsel, he cannot raise an ineffective assistance claim. See Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir.1995) (ineffective assistance claim fails because there is no constitutional right to counsel at collateral, post-conviction proceeding); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990 (same).
 
 III
 
 13
 Mathisen next argues that "crimes charged in the conjunctive by the grand jury were then presented to the petite [sic] jury in the disjunctive by the court."
 
 
 14
 Aside from Mathisen's failure to raise this issue on direct appeal, it is proper for the government to charge the different means of a single crime in the conjunctive, and prove in the disjunctive. United States v. Carter, 454 F.2d 525, 526 (9th Cir.1972); see, e.g., United States v. Ewain, 88 F.3d 689, 696 (9th Cir.1996) ("the government could charge in the conjunctive and prove in the disjunctive").
 
 IV
 
 15
 Finally, Mathisen contends that the district court should have granted his request for an evidentiary hearing on the issue of prosecutorial misconduct. He alleges that the United States Attorney knew that certain testimony before the grand jury was false. With nothing more, however, than "conclusory statements" and "pure speculation," the district court's refusal to conduct an evidentiary hearing was not an abuse of discretion.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 36-3
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 See, e.g., Frazer, 18 F.3d at 784 (defendant who alleged that his appointed trial counsel called him a "stupid nigger son of a bitch and said he hopes I get life" had "demonstrated a right to an evidentiary hearing")